IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

**FILED**

APR 26 2011

MELVIN R. KERCHEE, JR,
And
DEBORAH SEQUICHIE-KERCHEE,
JOINTLY AND SEVERALLY, PLAINTIFF'S

— VS —

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

Civil Action No.

# CIV-11-459 C

1. Judge MARK SMITH, ET.AL.
   DISTRICT COURT OF COMANCHE COUNTY, ET.AL.
   STATE OF OKLAHOMA, ET.AL.
        And,

2. WILLIAM C. RILEY, ET.AL.
   ASSISTANT DISTRICT ATTORNEY
   DISTRICT COURT OF COMANCHE COUNTY, ET.AL.
   STATE OF OKLAHOMA, ET.AL.
        And

3. EMMIT TAYLOE, ESQ.
   ATTORNEY AT LAW, LAWTON, OK.
   STATE OF OKLAHOMA, ET.AL
        And

4. Judge DAVID B. LEWIS, ET.AL.
   OKLAHOMA COURT OF CRIMINAL APPEALS, ET.AL.
   STATE OF OKLAHOMA, ET.AL.
        And

5. OKLAHOMA BAR ASSOCIATION, ET.AL.
   DIRECTOR, CHAIRMAN, PERSONNEL, DOES Limited, ET.AL.
   STATE OF OKLAHOMA, ET.AL.
        And

6. LORRAINE FAIRBOW, ET.AL.
   OKLAHOMA BAR ASSOCIATION, ET.AL.
   STATE OF OKLAHOMA, ET.AL.
        And

1

7. SCOTT ADAMS, ESQ, ET.AL.
   ATTORNEY AT LAW
   ADAMS AND ASSOCIATES, ET.AL.
   CONTRACTORS, OKLAHOMA BAR ASSOCIATION, ET.AL.
   STATE OF OKLAHOMA, ET.AL.
                     AND

8. DIRECTOR, OKLAHOMA DEPARTMENT OF HUMAN SERVICES, ET.AL.
   (DHS), STATE OF OKLAHOMA, ET.AL.
                     AND

9. MS. NONA CUTNOSE, AKA: RAMONA HINES, ET.AL.
   DHS AGENT, OKLAHOMA DEPT. HUMAN SERVICES, ET.AL.
   STATE OF OKLAHOMA, ET.AL.
                     AND

10. DETECTIVE DON MC GEE, ET.AL.
    LAWTON POLICE DEPARTMENT, ET.AL.
    CITY OF LAWTON, ET.AL.
    STATE OF OKLAHOMA, ET.AL.
                     AND

11. U.S. GOVERNMENT, ET.AL.
    FEDERAL BUREAU OF INVESTIGATIONS, ET.AL.
    DIRECTOR, FBI, ET.AL.
                     AND

12. FBI, MS. DECKER, FEDERAL AGENT, ET.AL.
                     AND

13. FBI, MR. JAMES E. FINCH, SPECIAL AGENT IN CHARGE, ET.AL.
                     AND

14. JOAN SCHWARTZ BRESTLER, ET.AL.
    COURT REPORTER, DISTRICT COURT OF COMANCHE COUNTY, ET.AL.
    STATE OF OKLAHOMA, ET.AL.
                     AND

15. ATTORNEY GENERAL, AND STAFF, PERSONNEL AND DOES, ET.AL.
    STATE OF OKLAHOMA, ET.AL.
                     AND

16. OKLAHOMA DEPARTMENT OF CORRECTIONS, ET.AL.
    JUSTIN JONES, DIRECTOR, OK. DOC. ET.AL.
    STATE OF OKLAHOMA, ET.AL.
                     AND

2

17. JOHNNY BLEVENS, INTERNAL AFFAIRS, ET.AL.
OKLAHOMA Dept. CORRECTIONS, STATE OF OKLAHOMA, ETAL.

And

18 GENERAL COUNSEL, OKLAHOMA Dept. CORRECTIONS, ET.AL.
STATE OF OKLAHOMA, ET.AL.

And

19. BOBBY BOONE, DEPUTY DIRECTOR, REGIONAL ADMINISTRATOR, ET.AL.
OKLAHOMA Dept. CORRECTIONS, ET.AL., STATE OF OKLAHOMA, ET.AL.

And

20 JAMES CRABTREE CORRECTIONAL Center, JCCC, ET.AL.
HELENA, OKLAHOMA INSTITUTIONAL FACILITY, ET.AL., STATE OF OKLAHOMA, ET.AL.

And

21. DAVID PARKER, WARDEN, JCCC, ET.AL.
OKLAHOMA DOC, STATE OF OKLAHOMA, ET.AL.

And

22. BECKY GUFFY, GRIEVANCE COORDINATOR, WARDEN ASSISTANT, LAW LIBRARY DIRECTOR,
OKLAHOMA Dept. CORRECTIONS, JCCC, ET.AL., STATE OF OKLAHOMA, ET.AL.

And

23 FELICIA HARRIS, LAW LIBRARY SUPERVISOR, JCCC, ET.AL.,
OKLAHOMA DOC, ET.AL., STATE OF OKLAHOMA, ET.AL.

And

24. CHARLENE BREDEL, TRUST FUND CUSTODIAN, TRUSTEE, CANTEEN-COMMISSARY
DIRECTOR, JCCC ET.AL., OKLAHOMA DOC, ET.AL., STATE OF OKLAHOMA, ET.AL.

And

25. SGT. BARKER, JCCC CORRECTIONAL OFFICER, ET.AL. (VISITING ROOM OFFICER),
OKLAHOMA DOC, ET.AL., STATE OF OKLAHOMA, ET.AL.

And

26. SGT. DOOLEY, JCCC CORRECTIONAL OFFICER, ET.AL. (VISITING ROOM OFFICER),
OKLAHOMA DOC, ET.AL., STATE OF OKLAHOMA, ET.AL.

And

27. JAMES CRABTREE CORRECTIONAL Center, JCCC MAIL ROOM, MAILROOM STAFF AND
PERSONNEL, KNOWN AND UNKNOWN DOES AND PERSONNEL, UNIDENTIFIED MAILROOM
PERSONNEL, ET.AL., OKLAHOMA DOC, ET.AL., STATE OF OKLAHOMA, ET.AL.

And

28.   LEAH MURRAH, JCCC MAIL ROOM Clerk - SUPERVISOR, ET.AL.

And

29.   JOHN MEADOWS, JCCC MAIL ROOM CLERK - SUPERVISOR, ET.AL.

And

30.   KELLY CURRY, JCCC FOOD SERVICE SUPER VISOR, ET.AL.
OKLAHOMA DOC, FOOD SERVICE DIRECTOR, ET.AL., STATE OF OKLAHOMA, ET.AL.

And

31.   MEDICAL DIRECTOR, OKLAHOMA DEPT CORRECTIONS, ET.AL.
STATE OF OKLAHOMA, ET.AL.

And

32.   KATRIENA FRECH, Chief NURSE, JCCC MEDICAL DIRECTOR DEPARTMENT, ET.AL.
OKLAHOMA DOC, ET.AL., STATE OF OKLAHOMA, ET.AL.

And

33.   DOCTOR TROUTT, MEDICAL DOCTOR, (M.D), JCCC MEDICAL DEPARTMENT, ET.AL.,
OKLAHOMA DOC, STATE OF OKLAHOMA, ET.AL.

And

34.   U. S. GOVERNMENT, ET.AL. ETC.
DEPARTMENT OF VETERANS AFFAIRS (VA), ET.AL.
OKLAHOMA CITY VETERANS ADMINISTRATION MEDICAL DEPT., ET.AL.
DIRECTOR, VETERANS ADMINISTRATION, ET.AL.

DeFendants

JOINTLY AND SEVERALLY
INDIVIDUALLY AND IN OFFICIAL CAPACITY

4

## COMPLAINT

Comes Now the PLAINTIFF'S, MELVIN R. KERCHEE JR., And DEBORAH SEQUICHIE-KERCHEE, PRO SE, And does hereby petition the court with a multi jurisdictional Complaint, for, among other reasons and violations as civil rights violations, and infractions. Constitutional violations and infractions, cruel and unusual punishment, discrimination, harassment, retaliation, And deliberate Indifference, failure and refusal to intervene. Irreparable harm and injury. Fraud, deception, coverup, conspiracy, breach of contract. Life and liberty violations, due process violations, equal protection of the law violations. Access to the courts violations. Monopolizeing, Price Gouching violations. Excessive priceing violations over-chargeing of products and merchandise. fair priceing act violations. Eminent Domain violations, for the reasons as stated herein within the complaint.

Declaratory, monetary and Injunctive Relief will be sought by the plaintiff's jointly, which is jointly demanded. The pendent jurisdiction of this court is invoked. A trial by jury on all issues treiable by jury is demanded. The costs of this action.

Notice is hereby given that plaintiffs will have to Amend their action as soon after the completion of Discovery as possible and as practable.

## THE NATURE OF THIS ACTION

This action and the nature of this action is over and about, which directly involves the defendants as named at caption supra and below stated in the party y's to the action infra. which consists of civil rights violations. state and federal constitutional rights. cruel And unusual punishment. Discrimination, intimidation, harassment, retaliation, mail violations and improper censoring. Deliberate Indifference. failure and refusal to intervene. Prisoner and Non-prisoner violations and infractions. Access to the courts violations And irreparable harm and injury. Eminent Domain violations. statute and operateions procedures violations. equal protection of the laws, rules, regulations and policy violations. Fraud and deception. Life, liberty and due process violations. Monopolizeing, excessive priceing and fair priceing violations. Sherman act violations. Coverup and conspiracy. for as reasons as listed within the complaint. Deliberate Indifference. Liberty Interest violations.

The plaintiffs, Melvin R. Kerchee, Jr and Deborah Sequichie-Kerchee is and at all times citizens of the United States and is a resident, in part, in Helena OK and Lawton, OK. State of Oklahoma. Melvin Kerchee in Alfalfa County, OK and Deborah Kerchee in Comanche County, OK. The violations of both plaintiff jointly occured in Lawton, OK. and Helena, OK, in and from a correctional facility, Helena OK.

The jurisdiction and venue of this court is invoked pursuant to as follows:

1. The acts, actions, and violations against plaintiff's occured and transacted within this court's immediate jurisdiction. Lawton, OK and Helena, OK at and within a correctional facility.

2. Plaintiff's, Indian, Native American, seek relief directly under the U.S. Constitution and Federal Statute pursuant to 28 USC 1331; Bivens Action pursuant to Bivens v. 514 UKN. Agts, 91 s.ct. 1991 (71); Carlson v. Green, 100 s.ct. 1468 (80).

3. Ex post facto violations, US Constitution.

4. 42 USC 1981 Equal rights under the law. Prison violations. Constitutional violations, medical violations. Discrimination, retaliation, irreparable harm and injury. Deliberate indifference. Coverup and conspiracy. Full, fair and equal benefits violations. Protection against impairments and in fringements. 42 USC 1981(a) damages for same. Due process, equal treatment, liberty interest violations.

5. 42 USC 1983 Deprivations of well secured constitutional rights, benefits and privileges. Civil rights violations. Constitutional violations. Deliberate indifference. Cruel and unusual violations. Conspiracy, coverup, fraud, and deception. Discrimination, retaliation, intimidation, and harassment. Humiliation. Prison violations; Access to the courts violations; mail violations; correspondance violations. Threats. Life and liberty violations. Due process violations. Civil rights act 1964. Equal treatment and fairness violation. Equal rights violations. Discrimination against within a public facility. Equal protection of the laws. Failure to intervene. Liberty interest violations.

6. 18 USC 1761

7. 42 USC 2000 series, which will be invoked properly and fully after completion of discovery and on plaintiff's first amended complaint.

6

8.  42 USC 1997 Civil Rights of Institutionalized Persons Act

9.  Eminent Domain Violations. US Const. Amend 5.

10. Religious Freedom Restoration Act of 1993   42 USC 2000 66.1

11. Sherman Anti Trust Act 15 USC 1; Clayton Act 15 USC 12 Violations. Anti Trust Violations. Federal Powers Act 16 USC 824. Unfair Trade. Conspiracy, Fraud And deception. Price discrimination. Trade Violations. Excessive markup And excessive Pricing. Commerce And Consumer protections. Public Protection enforcements. Restraint of Trade or Commerce. Veterans special Rights. 42 USC 2000 e-11. Securities Exchange Act 1934, 15 USC 78 to enforce Honest Markets, consumerism. State law Violations. Fair Markets.

PLAINTIFF'S PARTY'S TO THE ACTION AND "A
SHORT AND PLAIN STATEMENT CLAIM SHOWING
THAT THE PLEADER IS ENTITLED TO RELIEF" PURSUANT
TO <u>FRCIV.P. RULE 8(a)</u> AND <u>ERICKSON V. PARDUS</u>,
127 S.Ct. 2197

# I. PLAINTIFF'S!

1. <u>MELVIN R. KERCHEE, JR.</u> is And at All Times A Native American, native born in the state of Oklahoma, in the United States. Kerchee ~~complains consist of complains~~ complains of confinement And Constitutional rights Violations in the court system And within the prison system. Judicial And DOC officials, defendants of Conspiracy, public trust violations, cruel And unusual punishment, Due process violations, deliberate indifference. Plaintiff is A Viet Nam Veteran. Conspiracy, Coverup And deliberate indifference, Liberty interest violations, And for As stated herein within the Complaint.

2. <u>DEBORAH SEQUICHIE - KERCHEE</u> is And at All Times the wife of Plaintiff Melvin Kerchee. Is An Indian whom At All Times lived And resided in Lawton, OK. Plaintiff complains of conditions of confinement As a Free person, citizen. Constitutional rights violations. court violations. Public trust violations. Discrimination, retaliation. Prison Mail violations And correspondance violations. Intimidation, humiliation, retaliation. Deliberate indifference- Judicial violations, coverup And conspiracy. Liberty Interest violations. Due process And equalness violations

## II. DEFENDANTS:

1. JUDGE MARK SMITH is and at all times was the presiding Judge presiding over plaintiff's Trial. Judge Smith is sued in his individual and official capacity for conspireing against plaintiff. Retaliateing and discriminateing against plaintiff for being an American Indian. And for intimidateing and humiliateing both plaintiff's. Spitting on and exploding on plaintiff's witness. Coverup, spite, vindictiveness, deliberate indifference. Constitutional and due process violations. Equal protection and denial access to the courts violations which is outside his judicial role. Abuse of Gov. power and authority. Discrimination and deliberate indifference in court proceedings, court room decorum outburst and for as stated in plaintiff's complaint.

2. WILLIAM C. RILEY, is and at all times was the Assistant District Attorney whom prosecuted plaintiff's case whom conspired against plaintiff's. Covered up and deliberately withheld favorable evidence and witnesses. Discriminated, retaliated against plaintiff's. Used false testimony and evidence to obtain the convictions. Constitutional, due process, equal protection of the laws and access to the courts violations. Coverup, deliberate indifference. Falsified evidence and testimony. Excessive abuse of Gov. power and authority. Which is outside defendants role. Investigatory violations. Conflicts.

3. EMMIT TAYLOE, attorney at law whom is and at all times was plaintiff's retained Trial lawyer, whom failed to object, whom failed to obtain favorable witnesses and evidence. Whom conspired against plaintiff's with state party's. Coverup for state defendants. Failed to investigate. Constitutional, due process and equal protection violations. Deliberate indifference, state and federal violations. Conflict of interest, and for as stated within the complaint. Ethics violations.

4. JUDGE DAVID B. LEWIS, is and at all times was plaintiff's first trial Judge and then was promoted to the Oklahoma Court of Criminal Appeals whom then rescued himself from off plaintiff's appeal, then re-entered in individual and official judicial capacity and ruled adversely over plaintiff's pleadings deliberately in a conflict of interest, conspiracy, coverup and in retaliation against plaintiff's because plaintiff's are Indians, Judge Lewis is black and plaintiff's filed multiple complaints against the trial judge Smith, prosecutor, lawyers, which defendant adversely denied then covered up for. Constitutional violations, due process and equal protection, access to the courts violations. State and federal constitutional violations, ethics violations, canons - Judicial canons violations, which is outside the Judicial role

8

DISCRIMINATION, DELIBERATE INDIFFERENCE, RETALIATION, INTEREST VIOLATION which is AS Further stated in plaintiff's complaint. Gov. ABuse of power and Authority.

5. OKLAHOMA COURT OF CRIMINAL APPEALS, STATUTORY APPELLATE RULE 3.14, 3.14(B) which denies All PRO SE PETITIONERS the Full, FAIR And meaningful opportunity to petition For Direct APPEAL Rehearing - Reconsideration which is A denial And Restriction of OPEN And FAIR ACCESS to the Courts, Equal Protection of the laws, LiFe- And Liberty violations, Due Process violations, discrimination, RETALIATION, deliberate indifference, too RESTRICTIVENESS in NATURE which severely prejudiced plaintiff And caused plaintiff's Great harm And injury For As stated within the complaint.

6. OKLAHOMA BAR ASSOCIATION, DiREctor And chairman discrimination, Failure to Act Timely, Failure to TRAIN ITS STAFF And personnel to Act promptly, speediently And Timely.

7. LORRAINE FAIRBON, OKLAHOMA BAR ASSOCIATION, in her individual And official Capacity whom worked in A conspiracy And coverup For state Actors, discriminated And Retaliated Against PLAINTIFF's. Failed to intervene to Adequately, diligently And properly protect And did At All Times Violate plaintiff's Constitutional Rights. ETHICS violations. Deliberate Indifference, Intimidation, humiliation of plaintiff's. FALSIFYING inFormation to PLAINTIFF's. Constitutional, due process, Equal Protection violations. Failure to saFEGuard most vital And crucial Records, For As stated Further in the complaint which caused plaintiff's Great harm And injury.

8. SCOTT ADAMS, ATTORNEY AT law, Contractor, OKlahoma BAR Association For Failure to Act And intervene in A Timely manner which severely harmed And severely injured plaintiff's. Coverup For destruction of Records And evidence. State And Federal Constitutional violations. Loss of Records And evidence. Due process violations. Gross negligence, negligence. ETHICS violations. Failure to Report the destruction of Records And For As Reasons As stated within the Complaint.

9. Director, DHS, OKlahoma Dept. Human Services, individually And officially whom Violated plaintiff's Constitutional Rights, coveredup For state employees, Failure to properly TRAIN And supervise their Agents And personnel on procedure And Testifying At Criminal Trials. Setting plaintiff up then covering up For it. Conspiring Against plaintiff's. violation of plaintiff's Constitutional Rights, Due process, Equal Protection, Abuse of Gov. Power And Authority For As stated within the complaint.

10. NONA CUTNOSE, AKA: RAMONA HINES, IN her individual and official capacity as a DHS Agent whom falsified evidence, coerced witnesses whom testified against plaintiff. Perjury. Falsified and covered up for female victims. Conspired against plaintiff's. Abuse of Gov. power and authority. Falsified testimony. Deliberately gave false testimony against plaintiff. Conspired and concealed up for two female witnesses against plaintiff's. Constitutional, Due process, Equal protection, Access to the courts violations. Conflicts of interest, deliberate and vendictiveness, prejudice against plaintiff's, revenge. Deliberate indifference, discrimination, retaliation against plaintiff's. Coerced false testimony then covered up for it. Destruction of evidence and records, for as stated within the complaint. Sexual discrimination and harassment.

11. U.S Gov., FBI, Director, failure to train, supervise and monitor its personnel and its field Bureau Agents.

12. MS. DECKER, FBI AGENT in her individual and official capacity, conspired against plaintiff's, covered up for the violations and witnesses. Destroyed records and files beneficial to plaintiff's. Discrimination and retaliation against plaintiff due to the nature of his charges. Failure to intervene, failure to report female victim perjury, schemes and retaliation against plaintiff's. Coercing female victims to testify falsely against plaintiff. Sexual discrimination and harassment, falsifying evidence, covering up for evidence that could acquit and exonerate plaintiff. Constitutional violations, Due process, equal protection, access to the courts violations, Deliberate indifference, cruel and unusual punishment. Arbitrary and capricious treatment. Liberty interest violations. for as stated within the complaint. Destruction of evidence.

13. JAMES E. FINCH, FBI, SPECIAL AGENT IN CHARGE in his individual and official capacity, whom failed to intervene, covered up for Agent Deck or at NO. 12 supra, violations state and federal statute and laws. Discrimination, retaliation, deliberate indifference. Constitutional, state and federal violations. Conspiracy against plaintiff's.

14. JEAN SCHWARTZ PRIEST LEE, court reporter, in her individual and official capacity, whom falsified records, covered up for state defendants actors, failed to transcribe testimony. Covered up for testimony and conspired against plaintiff. State and federal constitutional rights violations, Due Process, equal protection, access to the courts violations. Destruction of favorable/able evidence against plaintiff. Failure to intervene, failure to correct inadequacies, failure to report the violations, failure to properly, adequately and diligently note court outburst by the county judge Smith, and DHS agent cut nose, which highly and severely prejudiced plaintiff's. Discrimination, retaliation, sexual discrimination and harassment due to plaintiffs criminal charges against two female victims, and for as stated within the complaint.

15. JUSTIN JONES, Director, Oklahoma Dept. corrections, in his individual and official capacity whom failed and refused to intervene. Conspired and covered up for defendants and their violations. Retaliation, deliberate indifference, cruel and unusual punishment, arbitrary and capriciousness against plaintiff's. Constitutional violations, state and federal Due Process, equal protection violations, failure to correct the violations, which is not corrected, and for as reasons as stated within the complaint.

16, 17. Defendants, Oklahoma Dept. corrections, statutes in general, OPPS, operations OP-120701, mandatory savings account deductions; canteen prices, commissary and exchange prices, parole, special parole, age discrimination violations discrimination, unfairness, deliberate indifference, state and federal constitutional violations, due process, equal protection, liberty interest violations of Oklahoma statutes 57 OS 168.9, 57 O.S. 331, 57 O.S 332.7 B., 57 O.S. 332.17, 57 O.S 321.18, 57 OS 549, 57 O.S. 557;

18. JOHNNY BLEVENS, INTERNAL AFFAIRS, OK. DOC, IN DEFENDANTS INDIVIDUAL AND OFFICIAL CAPACITY, defendant failed to intervene And stop or correct the violations And covered up for the violations IN Retaliation And discrimination for filing A complaint coverup and conspiracy of defendants Against plaintiff's. State And federal constitutional Rights violations, Cruel AndUnusual Punishment, AndFor As stated within the complaint.

19. GENERAL COUNSEL, OK.DOC, failure to implement, Review And monitor policy, Civilize clothe standards of decency, failure to Train defendants IN The law, changing law, Precedents And up to date current standards AndFor As stated within the complaint.

20. BOBBY BOONE, OK.DOC., DEPUTY DIRECTOR, REGIONAL Administrator, OK.DOC, in his individual And official capacity, failure to intervene, failure to correct the violations, Coverup And conspiracy For state defendant Actors As named in this Action. Discrimination And Retaliation For filing complaints Against defendants. Coverup of the violations, failure to investigate. State And federal constitutional Rights violations, As stated in the complaint. Deliberate Indifference.

21, 22. JAMES CRABTREE Correctional Center, (Jccc), DAVID PARKER, WARDEN, Jccc, in his individual And official capacity for failure to intervene, failure to correct the violations. Deliberate indifference. Coverup And conspiracy for state defendantActors, As named in this Action. Discrimination And Retaliation for filing complaints Against the named defendants. Violation of state And federal constitution. Cruel And unusual punishment, AndFor As stated within the complaint.

23. BECKY GUFFY, Jccc, OK.DOC, Grievance coordinator, WARDEN's Assistant, LAW LIBRARY supervisor, in her individual And official capacity for Retaliation And discrimination for filing complaints And grievances. Coverup And conspiracy for defendants And Their violations. Failure To intervene, failure to correct the violations. Sexual discrimination, sexual harassment. Intimidation, humiliation, harassment. Cruel And unusual punishment, Arbitrary And capriciousness. Deliberate Indifference. Mail violations. State And federal constitutional violations, due process, equal Protection, Access to the Courts violations, for As stated within the Complaint.

24.  CHARLENE BREDEL, JCCC, OK.DOC, TRUST FUND ACCOUNTANT, TRUST FUND
CUSTODIAN, TRUSTEE, CANTEEN-COMMISSARY OIC, IN HER INDIVIDUAL AND OFFICIAL
CAPACITY WHOM IS DIRECTLY RESPONSIBLE FOR JCCC INMATE TRUST FUND ACCOUNTS, THE
ORDERING OF COMMISSARY ITEMS, PRICE DEDUCTIONS, 20% DEDUCTIONS, PRICEING OF
CANTEEN ITEMS, INMATE MANDATORY SAVEINGS WHOM HAS VIOLATED SAME. EXCESSIVE AND
OUTRAGEOUS PRICES TO PRISONERS, MONOPOLIZEING, PRICE FIXING, PRICE GOUDGEING,
CONSPIRACY, FRAUD, DECEPTION, UNFAIR TRADE, UNFAIR PRICEING TO PRISONERS DUE TO
OCI INCOME TO SPECIAL INMATES WHOM WORK FOR OCI. STATE AND FEDERAL CONST-
ITUTIONAL RIGHTS VIOLATIONS. MISMANAGEMENT OF FUNDS. DELIBERATE INDIFFERENCE
EMENENT DOMAIN, 5ᵀᴴ AMENDMENT VIOLATIONS, US CONSTITUTION. STATE OF OKLAHOMA,
FOR AS STATED WITHIN THE COMPLAINT.

25.  SGT. BARKER, OK.DOC, JCCC CORRECTIONAL OFFICER, JCCC VISITING ROOM, IN HER
INDIVIDUAL AND OFFICIAL CAPACITY, WHOM CONFISCATED PLAINTIFF'S LEGAL OUTGOING MAIL
AND EXHIBITS, LOSEING OR DESTROYING SAME WHICH VIOLATES PLAINTIFF'S CONSTITUTIONAL
RIGHTS TO CORRESPOND, ACCESS TO THE COURTS, DUE PROCESS VIOLATIONS, WHICH SEVERELY
PREJUDICED AND INJURED PLAINTIFF'S, PROPERTY, LIBERTY INTEREST VIOLATIONS SECURED
BY THE CONSTITUTION, AND FOR AS STATED WITHIN THE COMPLAINT. MAIL VIOLATIONS.

26.  SGT. DOOLEY, OK.DOC, JCCC CORRECTIONAL OFFICER, JCCC VISITING ROOM, IN HER
INDIVIDUAL AND OFFICIAL CAPACITY, WHOM CONFISCATED PLAINTIFF'S LEGAL OUTGOING MAIL
AND EXHIBITS, LOSEING OR DESTROYING SAME WHICH VIOLATES PLAINTIFF'S CONSTITUTIONAL
RIGHTS TO CORRESPOND, ACCESS TO THE COURTS, DUE PROCESS VIOLATIONS, WHICH SEVERELY
PREJUDICED AND INJURED PLAINTIFF'S PROPERTY, LIBERTY INTEREST VIOLATIONS SECURED
BY THE CONSTITUTION, AND FOR AS STATED WITHIN THE COMPLAINT. MAIL VIOLATIONS.

27. 28. JCCC, MAILROOM, UNIDENTIFIED STAFF AND PERSONNEL. MS. LEAH MURRAH, IN THE INDIVIDUAL AND OFFICIAL CAPACITY, WHOM CONFISCATED PLAINTIFFS OUTGOING LEGAL MAIL TO OCCA WHOM RECEIVED THE INFORMA PAUPERIS MOTION TOO LATE AND UNTIMELY, WHICH TWO IFP'S MOTIONS WERE SENT. DEFENDANTS CONFISCATED BOTH OF THEM WHICH THE OCCA DISMISSED PLAINTIFF'S APPEAL AS UNTIMELY WHICH CAUSED PLAINTIFF'S GREAT HARM, INJURY AND DAMAGES, AND COSTS AND EXPENSES. TRAUMA, STRESS, STRAIN, ANGUISH. CONSTITUTIONAL RIGHTS VIOLATIONS, DUE PROCESS, ACCESS TO THE COURTS VIOLATIONS, MAIL VIOLATIONS, CRUEL AND UNUSUAL PUNISHMENT, DELIBERATE INDIFFERENCE, ARBITRARY AND CAPRICIOUS-TREATMENT, CORRESPONDANCE VIOLATIONS. DISCRIMINATION AND RETALIATION FOR FILING GRIEVANCES AND COMPLAINTS FOR AS STATED WITHIN THE COMPLAINT.

29. JOHN MEADOWS, MAIL ROOM CLERK, JCCC, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, MIXED UP AND SWITCHED LETTERS OF PLAINTIFF'S WITH OTHER JCCC INMATES IN DISCRIMINATION AND RETALIATING AGAINST PLAINTIFF'S AND OTHER JCCC INMATES SIMILARLY SITUATED, FOR FILING COMPLAINTS AND GRIEVANCES AND BECAUSE HE DID NOT WANT THE MAIL ROOM JOB. PLACING ONE INMATES LETTER IN ANOTHER INMATES ENVELOPE DELIBERATELY SWITCHING THE LETTERS! REFUSAL TO ANSWER OR REPLY TO ANY OF PLAINTIFF'S REQUEST OF STAFF'S AND COMPLAINTS. IN A COVER UP OF HIS ACTIONS AND VIOLATIONS. CONSTITUTIONAL RIGHTS VIOLATIONS, CORRESPONDANCE VIOLATIONS, LOST MAIL, HOLDING UP OUTGOING AND INCOMING MAIL, FOR AS STATED WITHIN THE COMPLAINT. VIOLATIVE AND ILLEGAL CENSORING OF MAIL.

30. FELICIA HARRIS, JCCC LAW LIBRARY CLERK, LAW LIBRARY, IN HER INDIVIDUAL AND OFFICIAL CAPACITY CONFISCATED PLAINTIFF'S OUTGOING LEGAL MAIL, MADE HIM SEND IT HOME, WOULD NOT ALLOW PLAINTIFF TO KEEP A COPY OF HIS OWN LEGAL WORK AND PLEADINGS TO LITIGATE WITH. ILLEGAL AND VIOLATIVELY CENSORING LEGAL MAIL. RETALIATION AND DISCRIMINATION FOR FILING COMPLAINTS. COVER UP AND CONSPIRACY. RESTRICTION OF ACCESS TO THE COURTS. WILL NOT ORDER NEW LAWBOOKS OR WILL NOT UPDATE THE LAW LIBRARY LAWBOOKS PUBLICATIONS. FUNCTIONS AS A CLERK OF COURT, DA, AND JUDGE SCREENING OUTGOING LEGAL MAIL, CONSTITUTIONAL VIOLATIONS, AS STATED WITHIN THE COMPLAINT.

31. OK. DOC, Food SERVICE DIRECTOR, KELLY CURRY, JCCC Food SERVICE SUPERVISOR, IN her INDIVIDUAL AND OFFICIAL CAPACITY, does NOT ORder or feed the JCCC INMATES ENOUGH TO EAT. PLAINTIFF GETS HUNGER PAINS AND loses WEIGHT. REFUSES TO FOLLOW THE DOC MASTER MENU AND MAKES her OWN, CUTTING THE Food PORTIONS dOWN, SERVING WATERED DOWN Food, PLAINTIFF GETS heADAChES. WILL NOT POST CURRENT DOC Food SERVICE MENUES AND COVERS UP FOR WHAT SHE does. Does NOT SERVE Full or AdeGUATE SERVING SIZES of Food AND Food PORTIONS. UNhEALTY And UNSANITARY KITCHEN, COOKING AREA, CLEANING AREA, IN VIOLATION OF STATE AND FEDERAL CONSTITUTIONS, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT FOR AS STATED WITHIN THE COMPLAINT.

32, 33, 34, OKLAHOMA DOC AND MEDICAL DEPT, MEDICAL DIRECTOR, KATRIENA FRECH, JCCC CHIEF NURSE, DR. TROUTT, M.D. IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY FOR FAILURE TO AdEGUATELY TREAT PLAINTIFF. ISSUE PROPER MEDICATIONS. PAIN AND SUFFERING. DISCRIMINATION. DELIBERATE INDIFFERENCE. CRUEL AND UNUSUAL PUNISHMENT. STATE AND FEDERAL CONSTITUTIONAL VIOLATIONS FOR AS STATED WITHIN THE COMPLAINT.

35. OKLAHOMA SENTENCING GUIDELINES ACT, SENATE BILL 848, OKLAHOMA LEGISLATURE, OKLAHOMA SENATE, SENATOR RICHARD LERBlANCE, IN his INDIVIDUAL AND OFFICIAL CAPACITY, dOUBLEING THE PUNISHMENT AGAINST SEX OFFENDERS. DISCRIMINATION, RETALIATION, CONSPIRACY, dELIBERATE INDIFFERENCE AGAINST SEX OFFENDERS. CONSTITUTIONAL RIGHTS VIOLATIONS, DUE PROCESS, EQUAL PROTECTION VIOLATIONS, EX POST FACTO VIOLATIONS, Double JEOPARDY VIOLATIONS, FOR AS STATED WITHIN SENATE BILL 848 And WITHIN THE COMPLAINT.

36. DEPT VETERANS AFFAIRS, OK. VETERANS MEDICAL AdMINISTRATION, U S GOV. FOR INJUNCTIVE RELIEF TO EXAMINE PLAINTIFF FOR AGENT ORANGE And PTSD. TO TOLL TIME, STATUTORY TIME deadlines FOR FILING AND SUBMITTING his CLAIM UNTIL he CAN OBTAIN his EXAMINATIONS TO SUBSTANTUATE his CLAIM WITH.

37. DETECTIVE DON MCGEE, LAWTON POLICE DEPT, CITY OF LAWTON, IN his OFFICIAL And INDIVIDUAL CAPACITY, CONSPIRED AGAINST PLAINTIFF. DELIBERATELY And INTENTIONALLY hid And WITHHOLD EVIDENCE AND WITNESSES. VICTIM RECANTATION. DISCRIMINATED And RETALIATED AGAINST PLAINTIFF WHICH CAUSED PLAINTIFF SUBSTANTIAL hARM AND INJURY WHICH PLAINTIFF IS STILL CONTINUE TO SUFFER FROM,

## STATEMENT OF FACTS

1. This courts plaintiff, MELVIN R. KORCHEE, JR, was tried And convicted in the District court of Comanche County of two non-violent sex charges of two females And was sentenced to two consecutive ten year terms, 85-90 time And sentence Assessments And was sentenced on November 8, 2005. Case No's: CF-2004-511 And CF-2004-512.

2. plaintiff Korchee And his wife retained defendant Emmit Taylor for Representation.

3. After the conviction, Korchee And his wife Deborah Korchee Retained defendant Mr. Michael Gassaway to Represent him on Direct Appeal which was filed but Gassaway was disbarred before the Direct Appeal process was complete. OCCA. No. F-2006-877, which final disposition on Appeal was on May 21, 2007.

4. The trial Judge in the first original trial was Defendant Hon. David B. Lewis. Dureing the trial And proceedings Judge David B. Lewis was promoted to the Oklahoma court of Appeals As An Appellate Judge. At that time Defendant Judge Mark R. Smith was Appointed As the trial Judge. Defendant Emmit Taylor, Esq. was the Retained trial Lawyer And Defendant William C. Riley was the Prosecuting District Attorney And Defendant Jean Schwartz Brostler was the court Reporter.

5. The two female victims had made numerous complaints And sexual complaint charges Against several other older men. some of which were their family members.

6. plaintiff Korchee is And at All times was A viet-nam veteran And under A Doctors care with prescribed medication which at times severely impaired And delusionized him, which also made him semi impotent, which sex was often dissatisfied And painful to him.

7. The convictions rest on testimony Alone, impeached And severely discredited. there were Absolutely no physical testing or evidence what so ever. No DNA or no examinations of Any party what so ever.

8. Defendant Emmit Taylor, trial counsel deliberately failed And Refused to properly Adequately And diligently consult with the Korchees And failed And Refused to: Investigate the case at All And covered up evidence, witnesses And testimony of star, Alibi And productive witnesses working in A conspiracy Against plaintiffs

16

9. From what investigation Tayloe did do, Tayloe uncovered very crucial evidence that Defendant prosecutor William Riley had in his possession and file three and more individuals whom also were accused of, charged for, cases pending over these same two female victims which severely damaged and destroyed, as well as impeached the testimony of these two female victims. In the conspiracy against Korchee, defendants Tayloe and Riley hid it and covered it up. Korchee was convicted.

10. Plaintiff Melvin Korchee, Jr., is and at all times was well spoken and an outstanding leader within this state and the community. He organized and started the Indian War scouts, a veteran's group organizations. Indian affairs, Casino's, Building projects, Indian cemetary's, young peoples projects, charity projects, among many other beneficial projects and programs.

11. During the investigation from defendant Tayloe, which was limited, Tayloe and Riley discovered that Korchee was a viet nam veteran with honorable service and was under doctors care and medication and was semi-impotent which made it impossible for Korchee to have sexual intercourse as the victims alleged and Tayloe and Riley hid it and covered it and the most beneficial and productive doctors, doctors reports, medication up and deliberately refused to allow or to permit it to come into trial so the jury would hear it.

12. Defendants Tayloe and D.A. Riley also discovered that the victims and their mother testified under oath and penalty of perjury that they had, did, infact, go to the hospital and was examined. Defendants both found out this was false! That there were no hospital records, doctors reports or collaborateing examinations nor doctors to vouch for same. Defendants hid it and covered it up not telling or informing the jury or the Korchee's which would have severely impeached and discredited the victim's, the states chief case and key witness which would have acquitted and exonerated Plaintiff

17

13. Trial Judge Mark R. Smith also knew of this and covered it up in a conspiracy against plaintiff's and failed and refused to intervene.

14. Defendants Taylor and D A Riley deliberately refused to allow beneficial and productive witnesses to be called which would have acquitted or exonerated plaintiff and the witnesses whom were at trial, defendants would not call them or put them on the stand to testify. Judge Smith, defendants covered up for it and deliberately failed and refused to intervene. Kenchee was convicted.

15. Taylor deliberately lied and deceived plaintiff's, men, told Kencheee that he would not come to prison, to waive his PSI, Presentence Investigation which was at the sentencing, which plaintiff done as instructed by defendant and Defendant Judge Smith sentenced plaintiff out of spite, vendictiveness, retaliation, insult and discrimination as stated infra.

16. During the Trial by jury, Defendant Judge Smith exploded on plaintiff's witness Jarvis Poawahyand spat/spit and slobbered on him in front of the jury. Defendants infra made no objection over the judges outburst and covered up for it which violated plaintiff's Constitutional rights.

17. While fighting on collateral attack plaintiff's conviction. Plaintiff's Kenchee's filed to the court various complaints against defendants. motions for Rescusal Judge Smith still has not acted upon. motions for Judicial Review sentence modifications, post-convictions, complaints and multiple outcries. Defendant Judge Smith out of spite, retaliation, cover ups and conspiracy, and discrimination, deliberately denied same violating plaint iff's constitutional rights.

18. While Litigating appeals, post-conviction appeals, among other legal entities before the Oklahoma Court of Appeals, Defendant occa Judge David B. Lewis, after first ordering his own rescusal, Judge Lewis eased back into the limelight and deliberately blocked any and all pleadings of plaintiff's. Deliberately opposeing, blocking and denying and rejecting same and did, in fact have an influence on the decision making process of

The other OCCA Judges, whom voted for relief of plaintiff, in part, with defendant Lewis vote, in part, cost plaintiff a disfavorable ruling of his cases which will be listed in: "Plaintiff's memorandum of Law and Brief in Chief", And, Plaintiff's Table of exhibits, when the time is ripe for same. Defendant Judge Lewis did this out of spite, vindictiveness, bad faith, coverup, retaliation, discrimination, failed to intervene, And conspiracy because plaintiff's filed complaints against them. The Judges, Lawyers, cost. Emmit Taylor his Judge position. Complaints against prosecution, etc. which is outside Judge Lewis judicial role And for violating plaintiff's constitutional rights.

19. OCCA, statutory rule 3:14, 3:14(8) does not allow nor permit pro se applicant to file for Direct Appeal Rehearing - Reconsiderations which Direct Appeal Counsel Michael Gassaway was disbarred And at all times led plaintiff's both into believing that he filed same but he had not filed the Direct Appeal Rehearing he was retained to do which highly And severely prejudiced, with passion, ?????? Korchee causing him great harm And injury. His federal Habeas was denied. Korchee v. Jones, Case No. CIV-10-1128-R, (W.D. OK. OK.City, OK 2011), (which is attached to plaintiff's table of exhibits. Violating plaintiff's constitutional rights, discrimination, retaliation for being pro se And an inmate offender prisoner Denial And restriction to access to the courts causing great harm, injury And personal suffering (suffered)

20. Defendants OK lahoma Bar Association And its staff And personnel, Ms. Lorraine Fairbow, Scott Adams, firms, Scott Adams And Associates deliberately failed And refused to act or intervene: Refused to get to Mr. Michael Gassaway's office in a timely manner to gather Gassaway's files And records After disbarment which plaintiff's files, records, exhibits, notes, case materials, Direct Appeal Rehearing, Rehearing notes And retainment, was lost And destroyed And defendants wreckless disregard severely prejudiced plaintiff's And got their Direct Appeal Rehearing violated And discredited in federal court, which no federal Judge would not credit And discredited. Korchee v. Jones, Case No. CIV-10-1128-R which caused plaintiff great harm And sufferage. (W.D. OK. OK.city Y. OK). Defendants refuse to train their personnel

19

21. Defendant NONA CUTNOSE, RAMONA HINES, DHS Agent deliberately, As Also An American Indian — Native American discriminated against plaintiff And Coached, Coerced And covered up for the two female victims she knew And whom grow up with plaintiff Acting in A conspiracy, Retaliation, deliberate Indifference Against plaintiff. Acting At All Times out of A conflict of interest then Lying Against plaintiff, failure to turn over And disclose favorable evidence And witness to plaint-iff And whom conspired against plaintiff with Defendants Taylor And Riley, but not Limited to Judge smith, defendant. Retaliation, Racism, biasness, Prejudice, vindictiveness Against plaintiff for things And incidents which took place And Translated between Indian Families while growing up. Violating plaintiff's Constitutional Rights. Access to the courts, Actual innocence, sexual Discrimination And sexual Harassment. Calling plaintiff Names At Trial before the Jury; Calling plaintiff A punk, pervert before the jury, vouching for the victims. DHS failure to inter-vene, failure to train its personnel, employees on how to testify And on Recusal from personal, vendetta cases. Conflicts of interest. Bias, Prejudice Defendants Taylor, DA Riley, Judge smith covered up for And conspired over. Defendant violate plaintiff's clearly established rights to A fair And impartial Trial And Due Process.

22. Defendant FBI Agent ms. Decker Ad special Agent James E. Finch. Agent Decker withhold evidence Against plaintiff. Covered up evidence And witnesses most favorable for plaintiff. Failed To disclose said evidence which highly And severely Preju-diced plaintiff And denied plaintiff his constitution Rights to same. Denial Access to the courts. Coached, coerced the two female victims into what to say, one of which was impaired And Retarded. Conspired with Taylor, DA Riley Against plaintiff. Discrim-inated And Retaliated Against plaintiff due to the nature of his charges. Sexual discrimination And harassment. Bias, Prejudice, conflict of interest. Due process violations. Partiality — vs — impartiality violations. Defendant FBI special Agent In charge covered up for same And failed And Refused to intervene.

23. Defendants Oklahoma Department of Corrections, as stated herein below, violated plaintiff's constitutional rights, access and restrictions to access to the courts, mailroom violations, confiscating and holding up, deliberately delaying and hindering plaintiff's outgoing legal mail, which caused the OCCA to deny plaintiff's post-conviction appeal as untimely, which caused plaintiff great harm, injury and sufferage. Losing, destroying and confiscating plaintiff's most vital and crucial exhibits being sent home to his wife plaintiff Deborah Konchar to copy. Mixing up and switching plaintiff's mail. Which without same, the federal Habeas judge discredited plaintiff's federal Habeas and denied same. Konchar v. Jones, Case No. CIV-10-1128-R. Defendants failure and refusal to intervene and stop the violations. Discrimination, retaliation, vindictiveness for filing complaints. Then, in a coverup and conspiracy, defendants refused to answer plaintiff's complaints and request of staff's, then, placed plaintiff on a one-year grievance restriction, which is still in effect! Correspondence violations against plaintiff husband and wife and hamperments and restrictions, as stated herein below, (Claims and Causes of Actions) infra.

24. Defendants Oklahoma DOC, Trust fund, Canteen, forcefully take 20% out of plaintiff's income, place it into an "inmate mandatory savings account" and refuses to allow plaintiff any access to it while making the profits off of, from plaintiff's interest which violates the constitutions taking clause, due process and eminent domain and, never discloses where the confiscated money goes, who gets it, and how much is spent and who got and when, received what in monetary shares. The canteen prices is too high and outrageous. Monopolizing, price fixing, conspiracy and coverup. Always out of canteen items. Refusal to order enough items to go around and to distribute among the inmates in three departments. One canteen for the yard, OCI and unit 8, the minimum yard. Which they know they will run out! Making plaintiff and others similarly situated suffer! Violating constitutional rights.

25. Defendants Oklahoma Doc, medical Dept. failure and refusal to treat plaintiff. Discrimination, retaliation for filing grievances and complaints where they treated others whom are white and whom are black violating plaintiff's constitutional rights. for as said infra.

26. Oklahoma legislature, senate, senate bill 648, Sen. Rich and Lor Bianco, which gives sex offenders double time, violating plaintiff's well established constitutional rights. ex post facto laws violations. Double Jeopardy, which pros'udices, with passion plaintiff and disfavors him. Increases his punishment.

27. US Gov. Dept. Veterans Affairs, medical Dept. failure to examine plaintiff for Agent Orange, PTSD, service connected disabilities and injuries, which they could come to the institution to examine plaintiff or bring him there to Okla. City, OK. to examine him.

28. Liberty Interest violations. Cruel and unusual punishment. Deliberate indifference. pain and continues suffering. Denial of emergency health care, concern and treatment. Mail violations and restrictions. Abuse of Gov. power and authority. Arbitrary and capriciousness, treatment violations. Denial statutory benefits, equal protection, equal protection of the laws, fairness, for as stated herein above and below. violations of plaintiff's clearly established constitutional rights.

22

PART I

IN RE: DEFENDANTS:

■ 1. THE HONORABLE, MARK R. SMITH is AND AT ALL TIMES WAS THE PRESIDEING JUDGE SITTING IN AFTER THE HONORABLE DAVID B. LEWIS WAS PROMOTED TO OKLAHOMA COURT OF APPEALS JUDGE: JUDGE SMITH is WHITE, THE PLAINTIFF'S MELVIN KENCHEE, JR AND DEBORAH S. KENCHEE ARE NATIVE AMERICAN INDIANS, RESPECTFULLY.

▲1. WHILE DEFENDANT JUDGE SMITH WAS PRESIDEING OVER THIS CASE, A SERIES OF VIOLATIVE CONSTITUTIONAL RIGHTS OCCURRED AND TRANSACTED, AND, WHILE IN A CONSPIRACY AND COVERUP OF THE VIOLATIONS WITH DEFENDANTS TAYLOE, RILEY, CUTNOSE AND BRESTLER, INFRA, THE FOLLOWING EVENTS TRANSPIRED:

a. PLAINTIFF'S WITNESS JARVIS POAHWAY WAS CALLED TO THE WITNESS STAND. WHILE POAHWAY WAS TESTIFYING, JUDGE SMITH RAISED UP, LEANED DOWN ON AND OVER POAHWAY AND BEGAN TO HOLLAR AND SCREAM AT POAHWAY UNTIL SMITH'S FACE TURNED RED, BLUE AND PURPLE AND SPIT (SPAT) SLOBBERING ON POAHWAY WHICH RILEY, TAYLOE MADE NO OBJECTIONS AND BRESTLER REFUSED TO TRANSCRIBE OR MAKE A NOTE OF AND THE DISTURBANCE OF SMITH REST SILENT ON THE RECORD WHOM DELIBERATELY COVERED UP FOR SAME VIOLATEING PLAINTIFFS CONSTITUTIONAL RIGHTS BEFORE THE JURY. PLAINTIFF'S KENCHEE'S AND POAHWAY, AND SOME OF THE JURORS AND SPECTATORS WERE SHOCKED, HORRIFIED, THREATENED AND INTIMIDATED.

b. AT AND DUREING PRETRIAL DEFENDANT SMITH AT ALL TIMES KNEW THAT OTHER MALES HAD BEEN CHARGED AND INVESTIGATED FOR THE SAME SEX CHARGES AND A RECORD BY THE DA EXISTED OVER SAME. THAT PLAINTIFF WAS A VIET-NAM VETERAN WITH MEDICAL AILMENTS AND PROBLEMS. THE COURT, SMITH, WAS FULLY AWARE OF THE VICTIMS BEING EXAMINED, HOSPITALIZED AND FROM TAYLOE AND RILEY'S DISCOVERY KNEW THIS AS WELL, OR SHOULD HAVE KNOWN IT. AT AND DUREING TRIAL, TAYLOE AND RILEY WOULD NOT LET THE WITNESSES OR THE RECORDS COME INTO TRIAL AND THE JURY HEAR THIS WHICH COULD HAVE ACQUITTED PLAINTIFF. AT TRIAL THE COURT OBVIOUSLY FOUND OUT THAT THERE WAS NO SUCH RECORDS, NO SUCH EXAMINATIONS AND COVERED IT UP. DELIBERATELY DENYING AND RESTRICTING PLAINTIFF'S CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL, PROSECUTERIAL MISCONDUCT, RIGHT TO WITNESSES, EVIDENCE, ALIBI, AND IMPEACHMENT WITNESSES AND EVIDENCE WHICH WOULD HAVE ACQUITTED PLAINTIFF SMITH COVERED UP FOR TO PROTECT TAYLOE AND RILEY AND DUE TO HIS BIASENESS AND PREJUDICE AGAINST PLAINTIFF'S.

of. At sentencing, defendant Taylor had led plaintiff to believe and instructed plaintiff to waive his PSI. "Presentence Investigation and he would not come to prison due to his status, background and being a first offender. plaintiff did as instructed by Taylor. On the same day, and date, and time, defendant Judge Smith sentenced plaintiff to prison! Two consecutive ten year sentences! Conspiring against plaintiff and due to the courts judicial bias, prejudice and race against plaintiff's as being, among other things, Indians!

d. During post-conviction collateral proceedings, plaintiff filed to the defendant Judge Smith. Defendant Smith out of spite, retaliation, discrimination, coverup, hostility, bias, prejudice, outrage, and for plaintiff filing recusal motions against Smith, as well as complaints, Smith denied same, and denied same without a hearing to deliberately coverup for the violations and to deliberately block the violations against defendants from coming to light. To block the record which would have substantiated the violations by witnesses and court spectators which would obviously prove the violations against defendants Smith, Riley, Brettler, but not limited to DHS agent Cutnose, infra.

e. Defendant Judge Smith deliberately created courtroom prejudicial outbursts and common violations then covered up for it as defendants jointly covered up for it also, and failed, deliberately in his duty and obligation failed to control his courtroom, court room decorum, which severely and highly prejudiced plaintiff and got him convicted.

f. Out of spite, vendictiveness, hostility, race, envy, discrimination and retaliation defendant Smith deliberately sent plaintiff to prison, refused to allow plaintiff any opportunity what so ever to file for judicial review and sentence modifications alternate sentencing avenues, as a first offender, non-violent, leader in the community. Judge Smith hated plaintiff also because of his casenot involvment, activism, and out spokeness to the Indian creed, the Indian nation, and because defendant Cutnose is also an Indian, Smith deliberately covered up for, conspired over prosecution witness perjury, falseness, vouching, calling plaintiff names, making insults, add calling plaintiff a pueb, perverst in front of the jury which highly and severely prejudiced, with passion, the jury. Failure and refusal to intervene, stop and correct the injustice.

9. out of spite, ill will, vindictiveness, hostility, conflict of interest, RAGE, deliberate INDIFFERENCE, discrimination And Retaliation because Plaintiff's went on A campaighn AGAINST defendant EMMIT TAYLOE, INFRA, And blocked him from becoming A Judge! And for the Complaints plaintiff's filed AGAINST defendant smith. motions for Rescusal, mANdAmus TO oRdeR Rescusal. (See, plaintiff's memorandum of LAW, Brief In chief when the Time Is Ripe For submittAl).

h. out of the sAme spite, hostility, conflict OF interest, RAge, outBuest, deliberate INDIFFERENCE, discrimination, Retaliation, Coverup And conspiracy, defendant smith deliberately denied And dismissed Any And All pleadings, motions, post-convuctions that plAINtiff filed And submitted which severely Prejudiced, with pAssion plAintiff CAuseing gReAt hARm And suffeReing, in jury to plAintiff which plAintiff is still TRying to overremove which both plAint iffs still And ObvTinuously suffer from.

## FiRST CAuse of Action

The Acts, Actions And violAtons of Defend ANt smith constitute violations of plAintiff's well estAblished ConstitutionAl Rights to A FAir And impARtiAl TRiAl by AN unbiased, impARtiAl Judge. FAIRness, EquAl oppoRtunity, Due pRocess, equAl pRotection, Access And ConsidorAtons of the couRts. us const. Amend. 1, 5, 6, 14.

### SecoNd CAuse of Action

The Acts, Actions And violAtons of defendAnt smith Constitute RetAliation And discrimination. ConFlicts of Interests. JudiciAl BiAse And PRejudice. Abuse of power And Authority. Abuse of goveRnment office, position, powere And judiciAl Authority.

#### THiRd CAuse of Action

The Acts, Actions And violAtions of defendAnt smith constitute A Reckless disRegARd for The sAfety And secuerity, As well As enfoRcement of plAintiff's constitutionAl Rights. DeLiberAte InDifference, CoveRup, And conspiRAcy. JudiciAl Duty And obligAtions.

### FouRTH CAuse of Action

A stRict deniAl And RestRiction to Access to The couRts. unRestRicted And unimpAiRed violAtion plAintiff's constitutionAl Rights. Refusal TO intervene. Refusal TO InteRvene And CoRRect the injustice. fRACtions violAtions. fiduciARy violAtions.

Relief from Defendant Judge Smith!

(i) INJUNCTIVE RELIEF in that defendant be enjoined and restrained from any more or further discrimination, retaliation, spite, vindictiveness, ill will against Native Americans, American Indians or anyone similarly situated, and to at all time refrain from going off on, exploding on anyones witnesses, screaming, hollering, slobbering or spitting upon them in front of a jury. To at all time control and enforce the dignity and non-violent, non-hostile decorum and courtroom non-prejudicial, non-inflamatory atmosphere.

(ii) MONETARY DAMAGE AWARDS of $5,000,000.00 compensatory, general and special damages the full cost of this action reimbursed to plaintiff's by defendants.

(iii) PUNITIVE DAMAGES awards of $5,000,000.00

2. DEFENDANT, WILLIAM C. RILEY, ASSISTANT DISTRICT ATTORNEY,

2. Paragraph 1 and outline 15 envoked here and remaining infra.

3. Defendant is and at all times was the Assistant District Attorney prosecuting this case, and, defendant severely violated plaintiff's constitutional rights by as follows:

a. Defendant Riley investigated plaintiff's case. During the investigation defendant obviously discovered that the two young female victims had filed multiple sexual complaints, most similar to that of plaintiffs which would have destroyed the character and credibility of his female victim credibility and which would have severely impeached the character, credibility and testimony of defendants witnesses. Defendant also discovered that the testimony of his witnesses were false, conspired and perjured, and that the victims certified that they were estranged which they were not and in a conspiracy and coverup against plaintiff, and in with defendant Gutness, Taylor and Judge Smith, he deliberately and intentionally withheld this.

b. The victims waited two years to allege a sexual complaint against plaintiff and still to this date, still cannot fix a date or specific date in which the act crime took place, against Oklahoma Court of Appeals precedent, because plaintiff is a Native American, defendant deliberately and intentionally charged him and totally ignored OCCA precedent and set by as plaintiff was convicted.

26

c. Defendant deliberately and intentionally hid, withheld and failed to disclose most favorable evidence most productive and beneficial to plaintiff which would have obviated, destroyed the character and credibility of his victims, especially after waiting two long years to make the complaint and outcry such as multiple sex charges brought against several other aldermen, some of which were their own family members, their criminal records and dispositions of the case. Hospital records, doctor and nurse reports, which defendant covered up for. The victims playing games, the criminal and domestic criminal record of one of the victims, which defendant covered up for. False reports, retardation of one of the victim's delusions, etc.

d. Defendant deliberately and intentionally misled the jury, deceiving them

e. Prosecutorial fraud and deception. Abuse of government power and position authority to convict American Indians. conflict of rate

f. During the course of the trial. Defendant cut nose, infra, vouched for the victim's, certified their honesty and credibility, called plaintiff names, made insults to plaintiff calling him a purb-porb. pervert. Defendant stood by and deliberately failed and refused to intervene and stop this but he instead encouraged it. Defendant covered up for, t in a conspiracy against plaintiff.

g. During the course of the trial, the court, Defendant Judge Mark Smith leaned over his bench upon plaintiff's witness Jarvis Poahway and began hollering and screaming at him while his face was turning red, blue and purple slobbering and spitting on him, defendant Riley rested silent, in fear for himself also, and made no objection over the judicial outburst what so ever which now the record rest silent which highly and most injuriously prejudiced, harmed and injured plaintiff. Which also highly prejudiced, with passion, the jury.

h. Out of spite, retaliation over plaintiff's charges, defendant made damaging closing arguments to the jury to deliberately vouch and certified to the jury his case and the victims were telling the truth which prejudiced the jury which defendant knew would get him convicted while defendants stood by and failed to intervene.

i. Defendant at all times knew or should have known that withholding and hiding favorable and exculpatory evidence would prejudice plaintiff and did so deliberately and intentionally in bad faith, then, sat by while plaintiff was convicted failing to correct the violations and intervene and stop the injustice.

j. Defendant at all times worked in a conflict of interest against plaintiff because defendant handled some of the criminal complaints the victim's lodged against the several other men and failed to identify it, report it or rescue and remove himself from off plaintiff's case or identify who was prosecuting those cases the victims lodged against others and covered up for it.

## FIFTH CAUSE OF ACTION

The acts, actions, and violations of the defendant violate plaintiff's well established constitutional rights in violation of the 5, 6, 8, 14 th const. amendments. Due process of law. Equal protection of the laws in violations of prosecutions duties and obligations. Denial access to the courts, a defense, fairness, evidence and witnesses favorable to him. An alibi. Ethics violations. Conscience violations. Deliberate indifference.

## SIXTH CAUSE OF ACTION

Defendants prosecutions violations constitute retaliation, discrimination, deliberate indifference, cruel and unusual punishment. Conflict of interest. Prosecutorial bias, prejudice. Abuse of power and prosecutorial authority. Abuse of office.

## SEVENTH CAUSE OF ACTION

Cover up and conspiracy against plaintiff. Refusal to intervene and stop or correct the violations. Duty's and obligations.

## EIGHTH CAUSE OF ACTION

A deliberate, reckless disregard for the safety and security, and enforcement of plaintiff's constitutional rights. US const. Amend 1, 5, 6, 8, 14 th , spite, vindictiveness. Can fraud and deception. Professional malpractice. Fiduciary violations. Failure to intervene in general.

Relief from Defendant, Assistant District Attorney William C. Riley:

(i) INJUNCTIVE RELIEF! That the defendant be enjoined and restrained from any more or further abuse of office, failure to disclose favorable evidence and witnesses. Violating anyones elses constitutional rights. Retaliation, discrimination, vindictiveness, prejudice or biaseness, coverup, fraud or deception withholding or hiding any more favorable or exculpatory evidence or witnesses, impeachment or otherwise, in any more cases of anyone similarly situated. To fulfil defendants duty and obligation to be fair, impartial and considerate to all defendants and people similarly situated. No more coverup or conspiracy against anyone, defendants or free.

(ii) MONETARY DAMAGE AWARDS of $5,000,000.00 Compensatory, General, Special.

(iii) PUNITIVE DAMAGE AWARDS of $5,000,000.00

3. DEFENDANT, EMMIT TAYLOE, ESQ. Plaintiff's Trial Lawyer, Retained, Attorney at Law

4. Plaintiff invokes paragraphs 1 through 3, with outline herein above as listed.

5. Defendant is and at all times was plaintiff's retained in full trial lawyer whom was under retained contract and duty, obligational professional ethics and responsibilities to represent plaintiff in a criminal trial in the District court of Comanche county which he failed and refused to do, which he deliberately breached. Plaintiff's, Melvin Koncheee, Jr and his wife, Deborah Koncheee bring action jointly against defendant, for, among other violations of plaintiff's state and federal constitutional rights, which plaintiff severely suffered, and will continue to suffer harm and injury due to defendants violations for as stated as follows:

a. The defendants Assistant District Attorney, William C. Riley, supra, and defendant Emmit Tayloe, at Bar, conducted the investigations which produced a two year lapse of time in waiting to report the crimes in motive by the victims for their and others personal gain. Defendant Tayloe did not pursue nor file or submit full fair and meaningful discovery or conduct full discovery what so ever which severely prejudiced and injured plaintiff and violated their constitutional rights and breached the contract between plaintiffs and defendants which both plaintiff's suffer from and continue to suffer from defendants violations, negligence, fiduciary violations and plaintiffs are severely injured and impaired by same. Failure to meet with and discuss the trial and status with plaintiff's."

b. In with and connected with D.A. Riley. Defendant Taylor discovered that multiple other complaints of sexual abuse and assault were brought against other men which included their own family members in which defendant Riley prosecuted Taylor covered this up against plaintiff in with Riley. The criminal records of those individuals and their identity were hid and covered up by defendants Riley and Taylor and Taylor deliberately refused to subpoena them and their outcome which would have severely impeached the character and credibility of D.A. Riley's female victims. Instead of subpoenaing the witnesses, criminal records of and the multiple many defendant themselves. Taylor covered it up. Taylor also refused to object, but did discuss it with defendant Judge Smith whom then defendants Taylor, Riley and Smith concealed it and hid it, then covered up for this to deliberately and intentionally prejudice plaintiff's

c. It was also discovered that the victims claimed to have been promptly examined at the hospital by doctors, nurses and personnel which come to be false! There were no examinations, two years in waiting to report the alleged sex charge and there were no hospital records, doctors what so ever! Defendant Taylor knew this, so did the D.A. Both, in their coverup, hid this! And refused to even conduct the discovery, hospital records, doctors and nurses medical reports, which defendants at any time never even went to the hospital, never consulted hospital staff and personnel, failed to object, failed to move for production of documents but instead covered it up which totally and severely impeached the D.A.'s victims which highly prejudiced plaintiff, violating his constitutional rights, denying him evidence and witness for himself and his defense and denied plaintiff access to the courts which most severely injured him

d. Defendant Taylor and Riley also discovered that plaintiff is a Vietnam veteran and was under doctors care, treatment and medication and at all times had a medical and impotence alibi! Defendants hid it, refused to adequately or diligently investigate it, then covered it up suppressing it which would impeach and discredit the victims exposed of sexual abuse which such evidence would severely impeach their versions of the crime and would make it impossible to have occurred and transpired as they alleged. Defendant Taylor deliberately would not pursue it nor would investigate it which denied plaintiff his alibi, evidence and witnesses on his own behalf which would have made the outcome of the trial different, an acquittal and alibi, impeachment evidence

e. Defendant TAYLOE also discovered that the victims were frequent, trouble makers, liers, caused trouble everywhere they went, wrecked homes, pitted people against each other, played pranks on as many people as possible, told people the crimes actually did not take place and did not happen, made the same and similar sexual assault rape complaints against several other men, some of which were their own family members; the victims sought attention and get their attention by any means as possible, one victim was retarded and impaired which existed extensive medical records, doctors, nurses, hospital treatment records, witnesses, and so was the victim's mother, witnesses and personnel even reported this to defendant TAYLOE. TAYLOE covered it up in part, refused to file discovery, and production of documents and subpoenas in part, failed to investigate it in part, failed to call the witnesses and production of evidence in part, which severely and highly impeached the character and credibility of the victims. Defendant TAYLOE confessed it with Riley, phone after, defendants TAYLOE and RILEY conspired together and covered it all up, refused to produce it, which severely hurt, injured, harmed and impaired plaintiff, whom sits in prison as a convicted sex offender he is and at all times was actually innocent of.

f. Defendant TAYLOE did subpoena some witnesses of this to court for plaintiff's trial in which the witnesses to the aforesaid was at all times at trial waiting to testify over the aforesaid. In a conspiracy and coverup against plaintiff, while in with defendants RILEY and SMITH, TAYLOE would not let his witnesses testify to this, deliberately restricted their testimony in part and would not let them nor would call them to testify to this, in part which severely denied plaintiff his most basic ammunition. Witnesses, evidence, and an alibi defense which would have acquitted him and which would have severely damaged and destroyed the character and credibility of the victim's and prosecutions case in chief, which further violated plaintiff's guaranteed constitutional safeguarded to be enforced, constitutional rights! Which plaintiff's still continuously suffer injury over still today!

31

9. During the course of plaintiff's trial. Defendant Taylor set back and watched as the trial court, defendant Judge Smith, stood up on his bench and leaned over to and upon Taylor's own witness, Jaquie Poahway, and screamed and hollared at Poahway, as the jurers and spectators looked on, until Smith's face turned red, blue and purple, spitting and slobbering on ta Poahway and made no objection the notation what so ever, which left the record to rest silent, which severely and prejudicially injured plaintiff. The jury, plaintiff's wife Deborah was severely shocked, intimidated, threatened and humiliated over defendant Smith's actions! which plaintiffs can't get out of their mind, which plaintiff suffer and will continuously suffer injury and harm until the violations come to a complete end and justice is done, justice served over the said violations. Taylor did this to coverup, in a conspiracy against plaintiff, to coverup for the said judicial violations, which were grounds for judicial discipline, which have now gone unattended, which too prejudiced, with passion, the plaintiff's. To coverup for both D. Arilot and Judge Smith, hideing and covering up the violations.

h. During the course of plaintiff's trial by jury. Defendant called DHS agent Ms. Nona Cutnose whom testified to the sey allegations against plaintiff and took deliberate conspiritivity/conspiritivity anti stand against plaintiff and a partial stand for the two female victims whom she know and an antiostic, indifferent, and personal and antigaostic partial stand against plaintiff calling him names, intimidating and humiliating him, calling him a pureb-porob, "porvert" before the jury defendant failed and refused to note a objoet to in a conspiracy against plaintiff and a coverup for Cutnose, infrea, violations, which went non-admonished by the court, defendant Smiths, in which plaintiff had to defend himself and counter against whom he took the witness stand for himself. which severely prejudiced him.

i. Defendant failed and deliberately refused to protect and safeguard the record, make timely and appropriate objections, deliberately refused to conduct make adequate, diligent and productive, fruitful investigations, evidence, alibi, defense, witnesses for plaintiff's behalf, covereed up for the violations and denied plaintiff full, fair and meaningful representation a/o fair trial before a jury prejudicing him.

J. Defendant Taylor, at the end of the criminal trial, had plaintiff sentenced then, tricked and misadvised, wrongfully advised, misrepresented to plaintiff, as a first time offender, a leader in the community, the state, casinos, cemetery's, the Indian Nation and veterans affairs, as well as multiple skill, talents and backgrounds, had plaintiff waive his presentence report (PSI) and promised plaintiff that he would not come to prison. Plaintiff done as defendant instructed because Taylor was in with defendants DA Riley and Judge Smith. Defendant Judge Smith then, at that time, sent plaintiff to prison! which shocked the plaintiff's with two, stacked and consecutive ten year sentences, 85 % no time assessed to plaintiff! No objections made. No motion for judicial review, no sentence modification and abandonment of defendant.

K. See <u>Plaintiff's Memorandum of Law</u>, "Brief in Chief", and, <u>Plaintiff's Table of Exhibits</u>", supporting and substantiating same.

## NINETH CAUSE OF ACTION

The acts, actions and violations of defendant Taylor violate plaintiff's clearly well settled and established constitutional rights in violation of plaintiff's 1st, 5th, 6th, 14th constitutional rights. Effective assistance of counsel, due process of law, equal protection of the laws, duties and obligations, protection, safety, enforcement of constitutional protections, safeguards and representations. Denial and restriction of access to the courts. A defense, alibi defense, medical defense, impeachment defense and impeachment evidence and witnesses. Fairness, force/coerce violations. Deliberate-indifference, professional ethics and fiduciary violations.

## TENTH CAUSE OF ACTION

Defendants attorney violations constitute retaliation, discrimination, deliberate-indifference, conflict of interest, bias, prejudice against plaintiff. Abuse of his attorney status. Fraud, deception, trickery, false advice, mis advice, inadequate misleading advice.

## ELEVENTH CAUSE OF ACTION

MALPRACTICE, FEASCENCE, NEGLIGENCE, Gross NEGLIGENCE, lack of due care, fiduciary violatons, Attorney misconduct, Professional ethics violatons. Code of ethics violatons.

## TWELVETH CAUSE OF ACTION

Couerup, conspiracy, Refusal And failure to intervene. failure to intervene And stop object or correct the wrongs And violatons. Duty And obligation. Breach of contract conflict of interence. Deliberate Indifference, Retaliation, discrimination. Cruel And unusual punishment with private party's. Biase, prejudice due to the nature of plaintiff's charges And New convictions defendant held convict.

## THIRTEENTH CAUSE OF ACTION

A deliberate, reckless disregard for the safety And security, ty of And the enforcement of plaintiff's constitutional rights. Const. Amend. 1, 5, 6, 8, 14 th Amendments.

Relief From Defendant MR. EMMIT TAYLOE, ESQ. ATTORNEY AT LAW:

(i) INJUNCTIVE Relief : That this defendant be enjoined from conspireing, discrimin-ateing, Retaliateing, conspireing AgAinst Any more or further NAtive American Indians or Anyone else similarly situated. And from violateing, deceiving, tricking or abandoning Any more of his paid or court Appointed clients or from violateing Any more of his clients, paid or otherwise, constitutional rights, state or federal. to fully, Adequately And diligently investigate All Avenues of his clients case. To complete full discovery, call witnesses And put on evidence beneficial And favorable to his client.

(ii) MONETARY DAMAGE AWARDS of $5,000,000.00. Compensatory, General And special

(iii) PUNITIVE DAMAGES of $5,000,000.00

4. Defendant DHS, DHS Director, DHS Agent Nona Cut-Nose AKA: Ramona Hinds!

6. Plaintiff invokes and realleges paragraph 1 through 5, with outline herein above as listed

7. Defendants is and at all times were the Director of DHS and an Agent of DHS.

8. Defendant Cut-Nose knew plaintiff Melvin Korchee and his family all his-their life, since she was five years old, which she is now approximately 55 years old.

9. Cut-Nose lived with her mother Gertrude and her brother Charles on her mother's Tribal Trust land near Meers which is north of Cache, ok. plaintiff and defendants family were very close friends. They came to plaintiff's church, and at and during special occasions, revivals or at Sunday singings. Defendant cut-nose mother sold Avon which plaintiffs mother was her number one customer. plaintiff's family was very well off during the hard times. Defendants family was very poor and plaintiff's family would help defendant and her family.

10. Defendant Cut-Nose was short and big, very chubby and wore odd styled dresses due to her size. She was obese. plaintiff treated defendant at all times nice and respectful. Defendant Cut-Nose grew to hate and dislike the Korchee's. plaintiff's family and self grew to envy them. She would not speak to them due to having most every thing and she had very little. Cut-Nose became so ungrateful, so unappreciative that she did not even ever thank plaintiff or his family for the things she gave them.

11. Now, as a DHS agent, she was the DHS investigator whom investigated the set abuse allegations against plaintiff from two female alleged victim's Feliciana Herrera and Danielle Kultz one of which is retarded and was at all times on medication, "Feliciana Herrera", whom defendant knew and or was familiar with. Defendant was informed by the complaint file and the said victim's who the complaint was against. Her now arch rival Melvin Korchee, JR. Defendant became outraged and used this opportunity to take sides! Defendant coached and coerced the victim's into what to say so that plaintiff would be prejudiced and convicted. Defendant, as a female; the two victims female, and plaintiff a male; which defendant took deliberate sides against plaintiff due to this and deliberately siding with the victim's setting plaintiff up, and due to the nature of the accusations, it was also alleged that cut-nose was a victim while she was young, semi abused or abused herself. 35

12. During the course of the investigation, Cutnose discovered that the victim's played pranks, games on people and manipulated and used people to get what they wanted. That the victim's made multiple prior, pending and ongoing complaints against other aldermen, including her family members, mother, father, etc. Then, before trial she would recant and would withdraw her statements. The victim's recanted over Plaintiff and did tell her Plaintiff didn't do anything. Defendant Cutnose still continued and pushed, forced the victim's to go on and continue with their non-violent sex charge allegations. Cutnose did not report it. Did not turnover the victims case file which had very valuable and important impeachment evidence and information and deliberately withheld it and covered it up. And, covered up for the sex charge abuse trial on charges Danielle brought against her mother and family on July 3, 2003 through August 2004, and recanted on those episodes as well. Then, went straight into trials and allegations against Plaintiff, in which this time, they got Plaintiff Koncheé convicted which defendant Cutnose took personal parts in. And stood by and failed and refused to intervene. At all times knowing Plaintiff to be innocent.

13. During Cutnose testimony against Plaintiff, taking deliberate sides against him for the victims. While on the stand, Cutnose would call Plaintiff name in front of the jury. A "Predator," "The Perp", doing predator things, then deliberately lied and gave false evidence and testimony to the jury. She told the jury she didn't even know the Plaintiff, at all times knowing that she did. The other kids made fun of her due to what she wore and due to her size, Plaintiff and his family did not do this to her but she still took her animosity and re's action out on Plaintiff and his family! Defendant Cutnose lied to keep from discrediting and from allowing herself to be impeached which bolstered her character and credibility, whom the jury believed and whom then convicted Plaintiff Kelvin Koncheé while the other defendants sat back, failed to object or intervene and failed to correct the violations which the Plaintiff now suffers from and will continue to suffer from unless this court intervenes. (She hated Plaintiff due to his status and leadership, Casino affiliations, dealings, positions, etc., plus, all the friends Plaintiff always had).

The Acts, Actions, and violations of defendant DHS and Cut Nose violate plaintiff's clearly well settled and established constitutional rights in violation of plaintiff's 5, 6, 8, 14th Amendments. Due process of law, fairness, equal protection of the laws, duties and obligations. Denial and restriction to the courts, evidence and witness to his own behalf favorateable to him. The right to build and mount a defense which could acquit him. Foascence and fiduciary violations. Cruel and unusual punishment. ~~DEL~~

## FIFTEENTH CAUSE OF ACTION

Deliberate Indifference, Discrimination, Retaliation, Conflict of Interest, biase, prejudice, Rascism, fraud deception fraud upon the court, failure to intervene, failure to train staff, agents and personnel. false testimony. Abuse of Gov. office, power authority position and capacity. ~~position and capacity~~. Sexual discrimination and harassment. Gender Discrimination.

## SIXTEENTH CAUSE OF ACTION

cover up, conspiracy, a deliberate, reckless disregard for plaintiff's constitutional rights and enforcements. Deliberate and intentionally withholding and covering up, ~~hendering~~ most favorateable evidence and witnesses on plaintiff's own behalf which would have changed the whole outcome of his trial and which would have acquitted him.

Relief from defendant ~~RAMONA~~ NONA Cut Nose Cut Nose and the DHS, jointly and together:

(i) INJUNCTIVE Relief: that these this defendants be enjoined from conspireing, discrim- inateing, retaliating, setting anyone else up similarly situated conspireing against any more or further American Native American Indians or any one else similarly situated, and from violateing, deceiving, truckins anyone else, or from takeing partial sides with any party against any party. from violateing anyone elses constitutional rights, well established or otherwise. from testifying falsely against anyone else, from being partial to any party and to remain impartial, unbiased and unprejudiced against any party, no matter who they are. from violateing any more or further state or federal laws or rights. to fully, adequately and diligently conduct impartial investigations and turn over to the party's involved the evidence and information ~~tetan~~ obtained. to complete full disclosure. to train your agents and employees on the proper ways in testifying.

37

(ii) MONETARY DAMAGES AWARDS OF $5,000,000.00. COMPENSATORY, GENERAL, SPECIAL.

(iii) PUNITIVE DAMAGES OF $5,000,000.00

5. DEFENDANT DETECTIVE DON MC GEE, LAWTON POLICE DEPT, CITY OF LAWTON, STATE OF OKLAHOMA

14. PLAINTIFF INVOKES AND REALLEGES PARAGRAPHS 1 THROUGH 13, WITH OUTLINES HEREIN AS LISTED ABOVE.

15. DEFENDANT IS AND AT ALL TIMES WAS A DETECTIVE OF THE LAWTON POLICE DEPARTMENT, STATE OF OKLAHOMA, CITY OF LAWTON, OKLAHOMA

16. DEFENDANT DETECTIVE DON MC GEE AT ALL TIMES HAD A PAST HISTORY WITH PLAINTIFF, PLAINTIFF'S WIFE DEBORAH KORCHER, WHOM WERE AT ALL TIMES MOST CIVILIZED, QUIET AND MOST RESPECTFUL LAW ABIDING CITIZENS WHOM NEVER AT ANY TIME OR MOMENT CAUSED NO TROUBLE TO ANYONE WHAT SO EVER. DETECTIVE MC GEE IS WHITE. PLAINTIFF'S ARE AMERICAN INDIANS. 1. ON OR ABOUT 1999 DETECTIVE MC GEE WAS CALLED TO THE KORCHER HOME OVER AN INCIDENT WHERE BLACKS ATTACKED PLAINTIFF'S SON MARSHALL AND MARSHALL SUFFERED A SEVERE CUT OVER HIS EYE WHERE THE BLACKS HIT HIM WITH A ROCK! SIMPLY BECAUSE THE BLACKS DID NOT WANT INDIANS LIVEING AROUND THEM AND MC GEE LAUGHED ABOUT IT, WOULD NOT TAKE ACTION AND LEFT PLAINTIFF, HIS WIFE AND SON WITH THE IMPRESSION THAT THEY MUST RETALIATE AGAINST THE BLACKS AND DEFEND THEM SELVES SICKING THE INDIANS ON THE BLACKS! WHICH PLAINTIFF AND HIS FAMILY REFUSED TO DO! FINALLY, PLAINTIFF AND HIS FAMILY WAS FORCED TO MOVE OR GO TO WAR WITH THE BLACKS, WHICH PLAINTIFF'S REFUSED TO DO. 2. MARCH 2000 PLAINTIFF'S HOUSE WAS BROKEN INTO AND ALOT OF PLAINTIFF'S PERSONAL AND SENTIMENTAL BELONGINGS WERE STOLLEN. AGAIN DETECTIVE DOCKER WAS CALLED IN OVER THE INCIDENT. DEFENDANT REFUSED TO TAKE ACTION "BECAUSE HE DIDN'T SEE IT"! DEFENDANT THOUGHT IT WAS A JOKE! INSULTED IGNORED AND DISREGARDED THE INCIDENTS, SMIRKED, DISRESPECTED PLAINTIFF'S, THEN LEFT TO DO ABSOLUTELY NOTHING ABOUT THIS INCIDENT WHAT SO EVER! PLAINTIFF'S LOST TREMENDOUSLY!

17. IN THE CASE AT THIS COURTS BAR. PLAINTIFF SAW AND MET WITH DETECTIVE ~~DOCKER~~ MC GEE IN SEPTEMBER 2004 FOR SEVERAL DAYS OVER THIS SEX CASE. DEFENDANT ~~DOCKER~~ MC GEE WAS THE CHIEF INVESTIGATOR WITH FBI AGENT DOCKER. DEFENDANT MC GEE WAS FAMILIAR WITH THE FEMALE VICTIM DANIELLE FULTZ OVER VARIOUS JUVENILE AND DELIQUENT INCIDENTS WITH HER AND HER DEVIENT BEHAVIOR.

18. During the investigation Defendants McGee and FBI Agent Decker was conducting. Defendants discovered that the victims were trouble-makers. Had an attention seeking, game playing, prank playing campaigns and stunts. That the victims made many complaints of sexual misconduct complaints and outcries against several other older men. Some of which were their own family members. Conspired with each other and others setting the men up. May 2003, July 2003, August 2004 trials in Oklahoma City, Danielle had her parents on trial for abuse, sexual abuse. Danielle, the victim again recanted, changed her mind, and had the charges against her parents dismissed. May 2003 Danielle, the victim to this case, was suspended from school for threatening her teacher! Among many other incidents. Victim Felicia was at all times under a doctor's care and on various types and kinds of psychotropic medications. Defendant also found witnesses whom would have severely impeached the victim's but failed to report it or turn it over to the DA or plaintiff's trial lawyer Mr. Taylor. The victims recanted to this case to defendants, but defendants would not report it, but hid and covered it up concealing it. Which would have acquitted plaintiff.

19. Defendant Detective Don McGee is most prejudicial against Indians.

20. Defendants deliberately and intentionally refused to allow Defendant Detective Don McGee testify what so ever at plaintiff's criminal trial by jury which severely injured plaintiff's causing them great harm and suffering, to cover it all up so the jury would not know of this and the record would be hid from it. Plaintiff then was convicted where plaintiff now sits in prison as an innocent man!

## SEVENTEENTH CAUSE OF ACTION

The Acts, Actions and Violations of Defendant Detective Don McGee violate plaintiff's clearly well settled and established constitutional rights in violation of plaintiff's 5, 6, 8, 14th Amendments. Due process of law, fairness, equal protection of the laws, duties and obligations. Denial and deliberate restriction of access to the courts. Evidence and witnesses on his own behalf favorable to him, the right to build and establish a defense which could acquit him. Reasonee and fiduciary violations. Cruel and unusual punishment.

Deliberate Indifference, Discrimination, Racial Discrimination, Biase, Prejudice, Retaliation, Conflict of Interest. Fraud, deception, fraud upon the court, failure to intervene. Failure to train staff, police, detectives and personnel. Abuse of Gov. Power, and authority, position and capacity.

## NINETEENTH CAUSE OF ACTION

Coverup, conspiracy. A deliberate, reckless, disregard for plaintiff's constitutional rights and enforcements. Deliberately and intentionally withholding and covering up, hiding most favoreatable evidence and witnesses on plaintiff's own behalf which would have changed the whole outcome of his trial which would have acquitted him.

Relief from defendant detective Don McGee, Lawton Police Dep't, City of Lawton:

(i) Injunctive Relief: That these/this defendants be enjoined from conspiring, discriminating, retaliating, setting anyone else up similarly situated, conspiring against any more or further American Native American Indians or anyone else similarly situated, and from violating, deceiving, tricking anyone else, or from taking partial adverse sides with any party against any party, whomever they may be. From violating anyone elses constitutional rights, well established or otherwise, from being partial and to at all times remain impartial and unbiased, un prejudicial against any party regardless of whom they are. From violating any more or further state or federal laws or rights. To fully, adequately and diligently conduct impartial investigations and disclose and turn over to the party's involved the evidence and information obtained. To complete full disclosure. To train your police, detectives and personnel from the aforesaid.

(ii) Monetary Damages Awards of $5,000,000.00 compensatory, general, special, etc. jointly of defendants.

(iii) Punitive Damages of $5,000,000.00

6. Defendant, FBI Agent Decker, And, James E. Finch, Special Agent in Charge, FBI, US Government, et al. Jointly And severally. Director, FBI.

21. Plaintiff invokes And reAlleges paragraphs 1 through 20, with outlines herein As listed herein Above.

22. Defendants is And At All Times were FBI Agents working for the FBI, US Gov.

23. Defendant Agent Decker, whom is A white female FBI Agent was called in to investigate the victim's sex Abuse Alegations and worked with defendant Detective McGee because of the victims being Indian and on Indian land And Indian facilities.

24. During the investigation and interviews with Agent Decker september 2004 And At And during said interviews. Decker Asked defendant McGee to Ask plaintiff if he even knew the victim Danielle to lie. plaintiff Answered Yes, with his explanation.

25. Defendant Agent Decker, FBI, was present when plaintiff was Arrested. Decker showed her deliberate ARROgance, Attitude, joked, taunted, laughed spitefully At plaintiff, humiliating, intimidating plaintiff, racial base And prejudice Against Indian offical And Cabinet member officials with An emphasis placed upon chairman Coffee. (sept. 30, 2004).

26. During the investigation with defendant Detective McGee, defendant Decker jointly found And discovered that the victim had numerous older men charged with these same sex crimes, her mother And father was charged in oklahoma city, ok with Abuse And sexual Abuse May 2003, July 2003, August 2004. the victim Recanted And the charges were dismissed Against them! Decker Also discovered that she was A juvenile delinquent trouble maker And was kicked out of programs, made false complaints, constantly lied, played pranks And games on people. was kicked out of school And suspended from school for threatening her teacher. May 2003. DHS had files on the victim. the victim Recanted in plaintiff's case! All of which was impeachment - Acquittal evidence And witnesses almost beneficial to plaintiff. Defendants Agent Decker, Detective McGee, And cut nose Also discovered that plaintiff Also was under doctors care And on medication which would have been literally impossible for plaintiff to have had sexual intercourse by force As Alleged by the victims. Also, that the victims certified that they were treated And examined At the hospital which said defendants found to be false! Defendants deliberately withheld this information intentionally due to their hatred Against plaintiff which plaintiff was severely prejudiced by And currently suffers from And to coverup for the victims And other defendants And conspired over same.

41

27. From 2009 to current, plaintiff repeated this, and complained to the Oklahoma City OK, FBI office to the special agent in charge, James E. Finch, and asked for the address to write FBI Agent Decker at. Defendant still has refused to comply, refused to intervene and has deliberately and intentionally covered up for same.

## ~~Twenty~~ TWENTIETH CAUSE OF ACTION

The acts, actions and violations of defendant's Decker and Finch violate plaintiff's clearly well settled and established constitutional rights in violation of plaintiff's 1, 5, 6, 8, 14 Amendments. Due process of law, fairness. Public information, freedom of information. Equal protection of the laws, duties and obligations. Denial and deliberate intentional restriction of access to the courts, evidence and witnesses on his own behalf, favorate able to him, the right to build and establish a defense which could acquit him. Forasence and fiduciary violations. Cruel and unusual punishment.

## TWENTY FIRST CAUSE OF ACTION

Deliberate indifference, discrimination, racial discrimination, bias, prejudice, retaliation, conflict of interest siding with victims against plaintiff due to females, fraud, fraud upon the court, failure to intervene, failure to train personnel, abuse of gov. power, authority, position and capacity. Sexual discrimination and sexual ~~harrasment~~ harassment.

## TWENTY SECOND CAUSE OF ACTION

Coverup, conspiracy, a deliberate, reckless disregard for plaintiff's constitutional rights and enforcements. Deliberately and intentionally withholding and covering up for, and hiding material favorate able evidence and witnesses on plaintiff's own behalf which would have acquitted him.

Relief from defendant agents Decker and Finch, jointly. FBI. U.S.Gov. et.al. :

(i) INJUNCTIVE RELIEF: That these defendants be enjoined from conspiring, covering up, discriminating, retaliating, setting anyone else up similarly situated. Conspiring against any more or further American Indians or anyone else similarly situated, and from violating, deceiving, tricking anyone else, or from taking a partial adverse sides with any party against any party, whomever they may be. From violating anyone elses constitutional rights, well established or otherwise, from being partial and to at all times remain impartial and unbiased, un prejudicial against any party regardless of whom they are. From violating any more or further state or federal laws or rights. To fully, adequately and diligently conduct

impartial investigations and disclose and turn over to the party's involved the evidence, witnesses and information obtained. To complete full disclosure. To train the agents and personnel from the aforesaid

(ii) MONETARY DAMAGE AWARDS of $5,000,000.00 compensatory, general, special, etc. jointly of defendants

(iii) PUNITIVE DAMAGES of $5,000,000.00

7. DEFENDANT, JEAN SCHWARTZ BREDTLER, COURT REPORTER

28. Plaintiff invokes paragraphs 1 through 27 here-in as listed above.

29. Defendant is and at all times was the court reporter transcribing the court events, testimony, outburst and proceedings as held in the District Court of Comanche county, Lawton, OK. November 7, 2005. Defendant is a white female, plaintiff an Indian male.

30. Plaintiff had his retained trial counsel object and complain about the media coverage. KSWO TV and the Lawton Constitution news paper of which whom demonized and emphasized plaintiff's guilt. Whom continuously broadcasted and televised plaintiff's arrest preparing him in handcuffs, irons and being lead through the courthouse under tense armed escort. Defendant failed to transcribe these most serious events which did not make its way to the recorded transcript which highly and severely prejudiced plaintiff which he continuously suffers from.

31. Dureing the testimony of plaintiff's witness, Jarvis Poahway, defendant Judge Smith raised up on his bench, leaned over and bent down upon Poahway and began to hollar and scream at him until Smith's face was red, blue and purple as Smith slobbered and spat on Poahway! The outburst was extremely prejudicial and most harmful to plaintiff which he still suffers from. Defendant Brestler failed and refused to note or transcribe the outburst! She deleted it to coverup for the judge.

32. Defendant Cut Nose, "Nona Cut Nose", supra. As Cut Nose testified she would call plaintiff names and would make insults and prejudicial gestures toward plaintiff. PeerP, PeerB, a predatory doing predator things, a predatory dureing this sex charge trial before the jury. Plaintiff Kerchee objected and refuted this dureing the course of his testimoney dureing his trial. In a deliberate and intentional coverup, defendant refused and failed to note or transcribe same, nor any objections and transaction which highly and severely prejudiced plaintiff causeing him severe harm, injury and loss that he continues to suffer.

33. Defendant omitted the testimony of Dr. Bill Walker And failed And Refused to transcribe All his testimony deliberately deleting same. which severely harmed And In jured plaintiff. No References could be pinpointed to these events And outbursi because defendant made sure that in her sabotage, there would be no identifying References, Defendant Retaliated, discriminated Against plaintiff due to his charges!

### Twenty Third Cause of Action

The Acts, Actions And violations of Defendant Brestler violate plaintiff's clearly well settled And established Constitutional Rights in violation of the plaintiff's 1, 5, 6, 8, 14th, Amendments. Due process of law, fairness. public in formation. equal protection of the Law, duties And obligations. Negligence And gross negligence. Denial And deliberate intentional Restriction to A complete, Accurate Trial Transcripts of the court Proceedings, testiment And outburst which violates plaintiff's Access to the courts. A Recorded Record to use As evidence for the violations which defendant sabotaged. fortense And fiduciary violations. professional malpractice.

### Twenty Fourth Cause of Action

Coverup, conspiracy, A deliberate reckless disregard for plaintiff's constitutional rights. Deliberately And intentionally deleting And omitting Record testimony And outburst.

### Twenty Fifth Cause of Action

Deliberate Indifference, discrimination, racial And viewpoint discrimination, biase, prejudice, Retaliation, conflict of interest siding with the female victims Against plaintiff due to female victims, American native American Indian, fraud, fraud upon the court. Defendant smith, Riley And taylors failure to intervene. Abuse of power, And Authority And position, Abuse of office. deception. sexual discrimination, sexual harassment.

Relief: from defendant Jean Brestler, court Reporter:

(i) Injunctive Relief! That this defendant be enjoined from conspireing, covering up, discriminateing, Retaliateing or setting Anyone else up similarly situated. Conspireing Against Anyone else; American Indian or otherwise, similar situated, or due to the nature of their charges And offenses.

44

TO be ENJOINED from being biased, prejudiced, from TAKING sides with ANYONE, victim or otherwise, members partial or favored to ANY party, INDIAN, male or otherwise. TO at all time REMAIN impartial And unbiased, NoNbiased. To OBTAIN proper And Adequate TRAINING. To at all times Adequately And diligently TRANSCRIBE, make notes of All testimony from All party is given which includes outburst from ANY person or spectator And be ENJOINED from COVERING up, deleting or from CONSPIRING – COVERINGUP for same.

(ii) MONETARY DAMAGE AWARDS of $5,000,000.00 COMPENSATORY, General, special, etc.

(iii) PUNITIVE DAMAGES of $5,000,000.00

8. DEFENDANT, JUDGE DAVID B. LEWIS, ETAL. OKlAhomA court of CRIMINAL APPEALS, eTAL.

34. PLAINTIFF INVOKES PARAGRAPHS 1 Through 33, without iNg, herein As listed Above.

35. Defendant is And At All Times was plaintiff's ORIGINAL TRIAL Judge, whom is black, plaintiff is A NATIVE American IndiAN And defendant presided over plaint iff's original criminal trials Then As Judge over plaintiff's Appeal in the OKlAhomA court of criminal Appeals.

36. Defendant Judge Lewis was plaintiff's original trial Judge in the District court of COMANChE CouNTY. DUREING the court proceedings, defendant was presiding over plaintiff's most controversal PROCEEDINGS, UPON same, September 2005, defendant was Appointed to the OKlAhomA court of criminal Appeals As An Appellate Judge, where defendant currently remains.

37. Defendant Lewis And defendant Mr. Emmit TAYlEE KNOW each other. While the Plaintiff's Direct Appeal was ongoing, defendant tAYlOE, ESQ., plaintiff's TRIAL lawyer was RUNNING for And being considered for District court Judge, District court Comanche CouNTY where defendant Lewis Presided, where defendant tAYlOE Represented plaintiff. TAYloE was Among the Three finalist for Judicial position Appointment. Due to what TAYloe did to the plaintiff's, plaintiffs went ON A CAMPAIGN AGAINST tAYloe And tAYloe was Rejected And denied the said judicial position which outRaged defendants Lewis, Riley And tAYloE.

38. DUREING court proceedings IN the COMANChE trial court. Defendant Lewis showed signs of biase, prejudice, indifference to plaintiff As AN INDIAN, NATIVE American And the NATure of the charges Assessed to plaintiff KoeidEE, And signs of RACIAl indifference.

39. On MAY 11, 2006, And JUNE 21, 2006, And AUGUST 8, 2006 The HONORABLE Judge DAVID B. LEWIS ordered his own Judicial Rescusal! August 8, 2006 deliberately And in Retaliation And discrimination Against plaintiff over The Aforesaid, did "not participate" in, And opposed, And Tried to influence The other Judges Not to grant plaintiff his Appeal out of Time. The conflict of interest, ethics violations, etc., but not limited to the deliberate indifference is obvious. However, the Rest of the court did GRANT plaintiff his Appeal out of Time. See, PLAINTIFF'S TABLE OF Exhibits. February 24, 2011, Recently, The Council on Judicial Complaints dismissed The plaintiff's complaint Against defendants RE: COC - 10-112 Judge DAVID LEWIS. The Actions is AN ONGOING ONE. See, PLAINTIFF'S TABLE OF Exhibits.

40. At All Times AFTER Judge Lewis, OCCA defendant ordered his own Rescusals of 2006 supra. Defendant conspired Against plaintiff by sneaking And creeping back into plaintiff's court proceedings, And, on MAY 21, 2007, defendant influenced The OCCA Appellate Judges to deny plaintiff's Direct Appeal And Affirm his convictions! Korchee, JR. V. STATE of OKLAHOMA, CASE NO. F-2006 - 877. Which severely Prejudiced, with passion plaintiff causing him great harm, loss And injury.

41. December 15, 2009 defendant Lewis AGAIN Re-entered plaintiff's court Redress Action, AFTER Rescusal, And went on Yet Another campaign with The other OCCA Judges to deny And Reject plaintiff's post-conviction Appeal. Korchee, JR V. JUSTIN JONES, et. Al. NO PC - 2008-1117. This was out of Retaliation, discrimination, spite, vindictiveness, Revenge, because plaintiff And plaintiff's wife filed complaints to The Bar And others, Judicial Counsel, Against defendants Judge Smith, DA Pilot And Trial Lawyer Emmit TAYLOE; which were continuous And without ceasing.

42. Also included is The "Order declining Jurisdiction" of December 15, 2009 plaintiff's ~~ppro~~ post-conviction Appeal not Timely filed. Here Again, Defendant Judge Lewis stayed on The case, AFTER ordering his own 2006 Rescusal And went on his campaign to Reject ~~This~~ ~~his~~ post-conviction Appeal, which the court did. ~~there very only have this~~ ~~new Action part.~~ Which highly And severely Prejudiced plaintiff's.

46

43. ON APRIL 6, 2009, DEFENDANT JUDGE LEWIS YET AGAIN DELIBERATELY AND INTENTIONALLY INFLUENCED THE COURT JUDGES TO REJECT AND DENY PLAINTIFF HIS <u>WRIT OF MANDAMUS</u> TO DELAY AND COMPEL LEWIS FRIEND AND ASSOCIATE JUDGE SMITH, DEFENDANT TO THIS ACTION, FROM OFF PLAINTIFF'S CASE! WHICH THE OCCA DENIED DUE TO SAME. <u>KORCHEE, JR. V. DISTRICT COURT; SMITH,</u> <u>MANDAMUS, NO. MA – 2009– 108.</u> THIS WAS CONTINUOUS AFTER LEWIS 2006 RECUSAL.

44. YET AGAIN! <u>AUGUST 6, 2010</u> DEFENDANT JUDGE DAVID B. LEWIS WENT ON YET ANOTHER CAMPAIGN TO DELIBERATELY AND INTENTIONALLY INFLUENCE THE OTHER OCCA JUDGES TO DENY APPELLANTS POST-CONVICTION APPEAL OVER A POST-CONVICTION IN THE TRIAL COURT BEFORE DEFENDANT MARK SMITH, FOR A POST-CONVICTION APPEAL OUT OF TIME DUE TO NO FAULT OF PLAINTIFF'S OWN. THIS WAS <u>AFTER</u> DEFENDANT LEWIS RECUSAL OF 2006. THIS WAS IN DELIBERATE RETALIATION AND DISCRIMINATION OVER PLAINTIFF'S MULTIPLE COMPLAINTS AGAINST DEFENDANT JUDGE MARK SMITH, MANDAMUS ACTION AGAINST HIM. TAYLOR AND HAVING HIM ELIMINATED AND REJECTED FROM FINALIST AS DISTRICT COURT JUDGE. DA RULE-Y. THE COURT ACTIONS FOR REDRESS AGAINST THEM. <u>NOTE</u>! ONLY THREE JUDGES TOOK ACTIVE PART. OCCA JUDGE ARLENE JOHNSON TOOK NO PART OF IT! ONE JUDGE TOTALLY REFUSED TO ATTEND OR TO PARTAKE <u>KORCHEE, JR V. STATE OF OKLAHOMA, OCCA, NO. PC-2010-172</u>. SEE; <u>PLAINTIFF'S TABLE OF EXHIBITS</u>

## TWENTY SIXTH CAUSE OF ACTION

THE ACTS, ACTIONS AND VIOLATIONS OF DEFENDANT OCCA JUDGE DAVID B. LEWIS CONSTITUTE A STRICT VIOLATION OF PLAINTIFF'S WELL SETTLED AND ESTABLISHED RIGHTS TO A FAIR AND IMPARTIAL REVIEW AND IMPARTIAL AND UNBIASED JUDGE. FAIRNESS, EQUAL PROTECTION OF THE LAW, DUE PROCESS OF LAW FAIR AND IMPARTIAL CONSIDERATIONS OF REDRESS ACTIONS, DENIAL AND RESTRUCTION TO ACCESS TO THE COURTS. US CONSTITUTIONAL AMENDMENTS 4, 5, 6, 14. TRIAL COURTS REFUSAL TO INTERVENE, AND, REFUSAL TO PROPERLY, ADEQUATELY AND DILIGENTLY FAILURE TO TRAIN AND SUPERVISE ITS OCCA JUDGES. CRUEL AND UNUSUAL PUNISHMENT.

## TWENTY SEVENTH CAUSE OF ACTION

RETALIATION, DISCRIMINATION, RACIAL DISCRIMINATION, DELIBERATE INDIFFERENCE. VINDICTIVENESS SPITE, CONFLICT OF INTEREST, JUDICIAL ETHICS VIOLATIONS. JUDICIAL BIASE AND PRE-JUDICE. ABUSE OF GOVERNMENT POWER AND AUTHORITY. ABUSE OF GOV. JUDICIAL OFFICE AND INDIVIDUAL CAPACITY. ABUSE OF JUDICIAL POSITION, POWER AND AUTHORITY. REFUSAL TO INTERVENE AND CORRECT THE INJUSTICES.

COVER UP And CONSPIRACY. FOASCENCE And fiduciary violations. Judicial duty And OBLIGATIONS. Reckless disregard fore the safety And well being of plaintiff And plaintiffs constitutional Rights.

Relief from Defendant OCCA Judge David B. Lewis:

(i) Injunctive Relief in that defendant be enjoined And Restrained from Any more or further Abuse of office And judicial position, discrimination, biase, pro-Judicial, conflicts of interests, proper Recusals to Remain IN effect throughout All Procedure Racial Practices Against Native American Indians And All persons And partys similarly situated. Be enjoined from setting Anyone else a up. conspureing or covering up for Any more people, lawyers Judges Against Native American Indians or Anyone Else similarly situated. Discriminating Against Native American Indians due to the nature of their Heritage, Race, beliefs, And ethnic background And Anyone else similarly situated. from violating Anyone else's Constitutional Rights, which include plaintiffs. To Be en joined to At All Times, IN All cases, No matter what the cause or charge is, to at all Times Remain unbiased, unprejudiced And impartial.

(ii) Monetary Damage Award of $5,000,000.00 Compensatory, General, Special, etc

(iii) Punitive Damages of $5,000,000.00

9. Defendant, Ms. Lorraine Fairbay, And, Director, Oklahoma Bar Association, et. Al.

45. Defendant is And At All Times was Counsel for the Oklahoma Bar Association And whom, Among other jobs And Responsibilities, seeks Actions Against Lawyers for disbarment And disciplinary proceedings.

46. Defendant Fairbaw is whom prosecuted defendant mr. Michael Gasshway for ethics Violation upon disbarment, Gassaway Trash of his office, destroyed files And Records. Notes of plaintiffs. Gassaway was Retained to do plaintiffs Direct Appeal Rehearing which he deceived plaintiffs, got disbarred And Abandoned And deserted plaintiffs leaving them without A Direct Appeal Rehearing.

48

47. September through October 2008 plaintiff Deborah Kerches contacted Defendant Fairban over Gassaway's disbarment. Defendant explode on plaintiff and began to be most disrespectful, insultive, threatening, degrading, baleserant! Defendant instructed plaintiff that she would mail her Gassaway's Austin, tx Address which defendant still has not done And refused to do. At the transcription of this Action, defendant still has not Answered Nor replied to plaintiff's Request. ~~so Action is filed~~ ~~because of~~ defendants violations And coverup.

48. Plaintiff's Notes to Gassaway was most vital And important. evidence, what to check into, whom to contact. Witnesses to track down. Appeal claims, Among other things And interest, If defendant would have acted Timely, plaintiff's would have their file, case file, Direct Appeal rehearing or the draft, in their position. By not intervening in A Timely manner, Gassaway trashed out his office, destroyed plaintiff's files And recored And fled to texas. Plaintiff's wore highly and severely harmed And insured due to it. The federal court would not give tolligs because Gassaway failed to file And submit The Direct Appeal Rehearing he had an obligation to do. If Gassaway's notes And case file had of been filed, plaintiff would have had same to use As evidence And exhibits in federal court, western District oklahoma. Plaintiff's suffered great loss due to the defendants.

## Twenty Eighth Cause of Action

The Acts, Actions and violations of defendant Fairban And the Director of the Oklahoma Bar Association violate plaintiff's wellseptled And established rights to defendants duty And obligation to Act in A Timely manner, to secure And safeguard, As well As to Protect records, especially in A Timely manner to prevent this kind of Abuse And destruction of records, files And evidence. Fairness, failure to intervene, failure to Protect files, records And evidence. Equal Protection of the Laws, Due Process of law. Denial And Restrictions to Access to the courts, in violation of plaintiff's 1,5,6,14th Amendments

## Twenty Nineth Cause of Action

Retaliation, discrimination, ~~discrimination~~, deliberate indifference for complaining And filing complaint to coverup for Gassaway. Abuse of office, power And Authority. Refusal to train personnel over retaining, and safeguarding (records) disciplined And disbaned lawyers records, files, And evidence. Cruel And unusual Punishment.

THIRTYETH CAUSE OF ACTION

ETHICS VIOLATIONS. HUMILIATION, INTIMIDATION, THREATS. FIDUCIARY VIOLATION. A TOTAL DISREGARD AND RECKLESS DISREGARD FOR PLAINTIFF'S, PLAINTIFF'S BEST INTEREST AND PLAINTIFF'S CONSTITUTIONAL RIGHTS AND FAILING OR REFUSEING TO SAFE-GUARD SAME. NEGLIGENCE, GROSS NEGLIGENCE. FEASENCE VIOLATIONS. MAL PRACTICE.

RELIEF FROM DEFENDANT LORRAINE FAIRBAN AT DIRECTOR, OKLAHOMA BAR ASSOCIATION, ET. AL.

(i) INJUNCTIVE RELIEF IN THAT DEFENDANTS BE ENJOINED TO AND RESTRAINED FROM ANY MORE OR FURTHER ABUSE OF OFFICE AND POSITION. FROM DISCRIMINATING AGAINST ANYONE ELSE, OR RETALIATING REGARDLESS OF WHOM THEY ARE. FROM COVERING UP FOR ANY MORE DISBARRED OR DISCIPLINED LAWYERS, TRAIN THE STAFF AND PERSONNEL ON THE PROPER PROCEDURE FOR IMMEDIATELY OBTAINING AND SECUREING RECORDS, FILES, NOTES AND EVIDENCE FROM DISBARRED OR DISCIPLINED LAWYERS. FROM ANY MORE OR FURTHER DISRESPECT, INSULTS, INTIMIDATION, HUMILIATION OR THREATENING OF CLIENTS OR INTERESTED PERSONNEL TO INTERVENE IMMEDIATELY TO SAFE-GUARD AND PROTECT RECORDS, NOTES FILES AND EVIDENCE OF INTERESTED PARTYS. TRAIN BAR STAFF AND PERSONNEL ON PROPER CONDUCT AND THE PROPER, MORE KINDER, MORE PROFESSIONAL WAYS AND MANNERS IN COMMUNICATING WITH THE PUBLIC OR INTERESTED PERSONS. FROM ANY MORE HARM, LOSS, INJURY TO INTERESTED PARTY'S TO INVESTIGATE FULLY COMPLIANTS, FAIRLY AND OPENLY, UNBIASEDLY.

(ii) MONETARY DAMAGE AWARD OF $5,000,000.00 COMPENSATORY, GENERAL, SPECIAL, ETC.

(iii) PUNITIVE DAMAGES OF $5,000,000.00 JOINTLY, BOTH ISSUES, BOTH DAMAGES.

10. DEFENDANT, SCOTT ADAMS, ESQ., ATTORNEY AT LAW, ADAMS AND ASSOCIATES, AND, DIRECTOR, OKLAHOMA BAR ASSOCIATION, BAR ASSOCIATION IN GENERAL, ET. AL.

47. PLAINTIFF INCORPORATES AND INVOKES DEFENDANT FAIRBAN, THE OKLAHOMA BAR ASSOCIATION, DIRECTOR, AND PARAGRAPHS 45 THROUGH 46 HEREIN ABOVE.

48. DEFENDANT SCOTT ADAMS AND HIS FIRM PERSONNEL, IS AND AT ALL TIMES WAS RESPONSIBLE FOR CONTRACT WORK WITH THE OKLAHOMA BAR ASSOCIATION WITH THE DUTY AND OBLIGATION TO COLLECT, SECURE AND SAFE-GUARD THE RECORDS, FILES, NOTES, CASE-WORK AND EVIDENCE FROM LAWYERS WHOM GOT DISBARRED OR DISCIPLINED THROUGH THE OKLAHOMA BAR ASSOCIATION AND THE SUPREME COURT OF OKLAHOMA

49. SEPTEMBER THROUGH OCTOBER 2008, PLAINTIFF MRS. DEBORAH KORCHEE, CONTACTED THE DEFENDANTS OVER MR. MICHAEL GASSAWAY GETTING DISBARRED. THAT GASSAWAY WAS RETAINED TO DO PLAINTIFF'S DIRECT APPEAL RE-HEARING.

50. Defendant Adams and Associates informed plaintiff that they did not get to Gassaway's office in time, it had been a while, and Gassaway trashed his office out, destroyed files, records, notes and evidence then fled to Austin, tx. Defendant Adams and Fairbow placed plaintiff in a cross fire putting her off, giving her the run around in a deliberate and intentional coverup for Gassaway! Defendant Adams still has not answered nor replied to plaintiff's request or communications, which is deliberate, in a conspiracy and coverup with Fairbow.

51. If defendant Adams had of acted and responded in a timely manner and fashion. Adams and Associates would have been able to safely and securely, protect and obtain plaintiff's record, files, criminal files, notes, evidence, and a copy of the direct appeal rehearing motion Gassaway had in fact drafted but did not file, which include letters, retainment and correspondance between plaintiffs. Due to same, February 2011 the US Judge russell dismissed plaintiff's federal habeas corpus as out of time and did not grant plaintiff a 20 day tolling or exceptional circumstances. The court discredited the plaintiff kerchees that they did not retain Gassaway, the records show that she did but the court discredited plaintiff's over same in denying the habeas which caused plaintiff's severe injury, loss and harm. said records could of been used to substantuate this. But Defendants Adams, Associates, Fairbow obtained no file of plaintiff's from Gassaway what so ever! They got to Gassaway's office too late!

## Thirty First Cause of Action

The acts, actions and violations of defendant Adams and Associates consitute a violation of plaintiff's well settled and established rights of defendants duty and obligation to act in a speedient, timely manner to secure, safe-guard and protect records, evidence, files, notes to prevent loss or destruction. Breach of contract, failure to protect, failure to intervene. Fairness equal protection of the laws. Due process. Denial and restruction to access to the courts, in violation of the 1, 5, 6, 14th constitutional amendments.

Retaliation, discrimination, deliberate indifference for complaining And filing complaints over this. Cover up, conspiracy with FARR BOW over GASSAWAY And to further protect GASSAWAY, Abuse of power and Authority. Refusal to TRAIN personnel over prompt and speediant Retaining, obtaining, secureing, And safe suarding disciplined And disbarred Lawyers files, Records, notes, Retainors, correspondance And evidence. Cruel and unusual punishment.

### THIRTY THIRD CAUSE OF ACTION

Ethics violations, duties, obligations. Fiduciary violations. A total Reckless disregard for plaintiff's, plaintiff's best interest, And plaintiff's constitutional rights And failing And Refuseing to safeguard And protect same. Negligence, Gross Negligence, feasance violations. Malpractice.

Relief from Defendant scott Adams, esq., Adams And Associates, Director, Oklahoma BAR ASSOCIATION, etc.

(i) INJUNCTIVE Relief in that defendants be enjoined to And Restrained from ANY More or further Abuse of office. from discriminateing, OR Retaliateing Against Any one else, Regardless of whom they are. from Covering up or conspireing for Any More disbarred or disciplined Lawyers. TRAIN the staff And Personnel on the Proper procedure for immediately obtaining And secureing Records, files, notes And evidence from disbarred or disciplined Lawyers. To intervene immediately to protect clients, files, records, notes And evidence And to safe suard same. To Protect And safe-suard from ANY More harm, injury or loss to Anyone. To investigate more fully And completely, openly And unbiasedly, complaints.

(ii) MONETARY DAMAGE AWARDS of $5,000,000.00 Compensatory, General, special, etc.

(iii) Punitive DAMAGES of $5,000,000.00 Jointly, both issues, both damages

PART II

11. Defendant, Attorney General Oklahoma, Defendand Does Limited, etc.

52. Defendant, Attorney General Oklahoma, staff, personnel, Does Limited, etc. is And at all times was in a lawful position to controls, change, regulate and intervene to stop and correct the violations as stated herein below but deliberately and intentionally failed and refused to do so. Defendants practice the law, know the law, are personally involved in case rulings and procedors but still failed and refused to intervene. Plaintiff suffered and continue to suffer. Defendants deliberately and intentionally refuse to train state and DOC systems heads. Ignore and disregard the violations which cause plaintiff's to suffer.

53. From 2008 to current, April 2011, plaintiff's filed complaints with defendants over DOC, James Crabtree Correctional Center state, federal, constitutional violation conditions of confinement, mail violations, confiscation and restrictions of legal work and material, living violations and conditions, food, canteen-commissary, treatment, medical as below stated. Defendants deliberately and intentionally is ignored and disregarded same. Grievance Restrictions.

## Thirty Fourth Cause of Action

Failure to intervene, failure to train Doc heads, deliberate indifference, cruel and unusual punishment, reckless, callous disregard for plaintiff's well settled and established constitutional rights. Negligence, gross negligence, failure to protect and failure to safeguard. Reckless disregard for plaintiff's state and federal constitutional rights. Cover up and conspiracy, retaliation for filing complaints. Conflicts of interest. Deliberant indifference.

## Thirty Fifth Cause of Action

The acts, actions and violations of defendants violate plaintiff's well settled and established 1, 5, 6, 8, 14th constitutional amendment rights. Denial and restriction to access to the courts. Due process, fairness, equal protection of the laws and failure to enforce same. Feascence violations.

53

RELIEF FROM DEFENDANT ATTORNEY GENERAL, ATTORNEY GENERAL DOCS, ET.AL.

(i) INJUNCTIVE RELIEF: THAT THE DEFENDANTS BE ENJOINED AND RETRAINED TO/FROM ANY MORE OR FURTHER ABUSE OF OFFICE, POSITION, POWER OR AUTHORITY. TRAIN DOC HEADS IN THE LAW, CIVIL RIGHTS, PRISONERS RIGHTS AND DOC HEADS TRAIN THE LOWER CHAIN OF COMMAND. FROM ANY MORE RETALIATION, DISCRIMINATION OR INDIFFERENCE TO PRISONERS AND SAME FOR FILEING COMPLAINTS FROM COVERING UP OR CONSPIREING FOR DOC AND STATE STAFF AND PERSONNEL. TO INTERVENE AND STOP AND CORRECT VIOLATIONS.AND CONDITIONS OF CONFINEMENT, PLUS CIVIL RIGHTS OF PRISONERS. TO INVESTIGATE COMPLAINTS PROMPTLY AND SPEEDIANTLY.

(ii) MONETARY DAMAGE AWARDS OF $5,000,000.00 COMPENSATORY, GENERAL, SPECIAL
(iii) PUNITIVE DAMAGES OF $5,000,000.00

12. DEFENDANT, JUSTIN JONES, DIRECTOR, OKLAHOMA DEPARTMENT OF CORRECTIONS.

54. PLAINTIFF INVOKES PARAGRAPH 52 THROUGH 53 HERE AND RE-ALLEGES SAME

55. DEFENDANT DIRECTOR JUSTIN JONES IS AND AT ALL TIMES WAS THE DIRECTOR, DEPT. CORRECTIONS TOP HEAD CHIEF OF THE CHAIN OF COMMAND AND IS DIRECTLY RESPONSIBLE FOR THE OVERALL OPERATIONS OF THE DOC IN GENERAL, STAFF AND PERSONNEL.

56. FROM 2008 TO CURRENT APPRIL 2011, PLAINTIFF'S SUBMITTED COMPLAINTS OVER THE JAMES CRABTREE CORRECTIONAL CENTER (JCCC) ABUSE VIOLATIONS AND WRONGDOINGS OF THE CONDITIONS OF CONFINEMENT, LIVEING CONDITIONS,p LACK OF FOOD, NUTRITION AND LABOR WITHIN THE MEALS, MEDICAL, CANTEEN-COMMISSARY VIOLATIONS, WHICH DIRECTOR JONES DID PERSONALLY COME TO JCCC. MEDICAL VIOLATIONS, LAW LIBRARY VIOLATIONS, CONFISCATION OF LEGAL MAIL/LEGAL WORK, MAIL AND CORRESPONDANCE VIOLATIONS. GRIEVANCE AND REQUEST OF STAFF PROBLEMS AND VIOLATIONS. DISCRIMINATION, RETALIATION. HE DID NOT ACT OR RESPOND.

57. OCTOBER 2010 THROUGH OCTOBER 2011, DEFENDANTS PUT PLAINTIFF ON SERIOVANCE RESTRICTION AS PUNISHMENT AND RETALIATION FOR FILEING COMPLAINTS WHICH DEFENDANT COVERED UP FOR. MAIL AND CORRESPONDANCE VIOLATIONS.

The Acti Actions And violations of defendant violate Plaintiff's well settled And established 1,5,6,8,14ᵀᴴ Constitutional Amendment rights. Denial And restriction to Access to the Courts which caused plaintiff to lose an appeal! Due process, fairness, equal protection of the Laws. Abuse of office, position, power, Authority.

### Thirty Seventh Cause of Action

Failure to intervene and stop And correct the violations. Failure to train the Doc Lower chain of command, staff And personnel in constitutional, civil rights And prisoners rights. Deliberate Indifference, cruel And unusual Punishment, Reckless callous disregard for plaintiff's well settled and established constitutional rights. Negligence, Gross negligence. Failure to protect And safeguard plaintiff And his state And federal rights. Coverup and conspiracy of defendants And their deliberate violations. Retaliation And discrimination, Punishment for filing complaints, request of staff's And grievances. conflict of interest.

Relief from Defendant Justin Jones, et. Al. etc.!

(i) Injunctive Relief : That the defendant be enjoined And Re-Trained FROM / TO Any more or further Abuse of office, position, power And Authority. Train his Doc lower chain of command in the law, civil rights, prisoners rights. From Any more or further retaliation, discrimination, indifference, or punishment to prisoners for filing complaints, Request of staff's And grievances. From covering up or conspiring for Doc, state And personnel for their violations. To immediately intervene, stop And correct, promptly order investigations And intervenence And stop And correct the violations. Conditions of confinement And Living violations. To investigate complaints promptly And safely not setting prisoners out Jeopardizing them, in a speediant manner. which include free people. to promptly answer And reply to all letters And complaints.

(ii) Monetary Damage Awards of $5,000,000.00 Compensatory, General, Special

(iii) Punitive Damages of $5,000,000.00

13. Defendant, Johnny Blevens, Director, Internal Affairs, et.al. Oklahoma Dept. Corrections

---

58. Plaintiff invokes and re-alleges paragraphs 52 through 57

59. Defendant Johnny Blevens, DOC Internal Affairs, is and at all times was the Oklahoma Dept Corrections Internal Affairs Investigator Director and is responsible for investigateins complaints and abuse violations of DOC staff, employees and personnel, and a duty and obligation to intervene, stop and correct the wrong doins and violations.

60. From 2008 to current April 2011, plaintiff's submitted complaints over the JCCC abuse violations and wrongdoings of the conditions of confinement, mis management of funds, liveins conditions. Lack of food, nutrition and fiber within the meals. Medical, commissary, canteen violations, law library violations, confiscation of legal mail and legal work. Correspondance violations. Grievance and request of staff problems and violations, discrimination, retaliation. He did not act or respond.

61. October 2010 through October 2011, defendants placed plaintiff, and others on grievance restriction as punishment and retaliation for fileins complaints which defendant covered up for.

## Thirty Eighth Cause of Action

The acts, actions and violations of defendant violate plaintiff's well settled and established 1, 5, 6, 8, 14th constitutional amendment rights, denial and restruction to access to the courts which caused plaintiff to lose an appeal! Due process, fairness equal protection of the laws. Abuse of office, position, power and authority.

## Thirty Nine th Cause of Action

Failure to intervene, stop and correct the violations. Deliberate indifference to plaintiff and plaintiff's constitution, and civil and prisoner rights. Cruel and unusual punishment. Reckless callous disregard for plaintiff's well settled and established constitutional, civil and prisoner rights. Negligence, gross negligence. Failure to protect and safeguard plaintiff's state and federal rights. Coverup and conspiracy of defendants and their deliberate and intentional violations. Retaliation, and discrimination and punishment for plaintiff's fileins complaints, request of staff's, and grievances. Conflict of interest.

56.

Relief, from Defendant Johnny Blevens, et.al. etc.

(i) Injunctive Relief: That this defendant be enjoined and restrained from/to: any more or further abuse of office, position, power and authority. From any more or further retaliation, discrimination, punishment or indifference to plaintiff or prisoners similarly situated for filing complaints, request of staffs and grievances. From covering up or conspireing for or with DOC, state, and personnel for their violations. To immediately intervene, investigate, stop and correct the abuse or violations to promply and speediantly order investigations into the wrongsdoing and violations. Conditions of confinement, civil rights, prisoners rights of plaintiff's and others similarly situated which includes free people. Protect and safeguard the safety and security of prisoners and their property. And from setting out and jeopardizing prisoners and free people for filing complaints staff request and grievances, in a speediant manner. To promply and speediantly answer and respond to all letters, mail, complaints

(ii) Monetary Damage Awards of $5,000,000.00 Compensatory, General, special

(iii) Punitive Damages of $5,000,000.00

14. Defendant, General Counsel, Oklahoma Dept. Corrections, et.al. etc.

62. Plaintiff invokes and realleges paragraphs 52 through 61

63. Defendant DOC General Counsel is and at all times is responsible for the training, representation and the law, rulings, upto date current standings from rule-ings decisions of the state and federal courts. Defendant is fully aware of the violations and wrongdoings of defendants but ignores and disregards same, covers up and conspires over same. Deliberately and intentionally fails and refuses to intervene, train, stop and correct the violations and wrongdoings which violates plaintiffs 1,5,6,8,14 constitutional rights.

Relief: Injunctive Relief, train and educate DOC staff and employees in plaintiffs constitutional, civil, prisoner legal and confinement-living rights of state and federal laws, rules, regulations. To enforce policy and procedure.

15. DEFENDANT, BOBBY BOONE, DEPUTY DIRECTOR, REGIONAL DIRECTOR, REGIONAL ADMINISTRATOR, OKLAHOMA DEPT. OF CORRECTIONS, et.al. etc.

64. PLAINTIFF INVOKES AND REALLEGES PARAGRAPHS 52 Through 63

65. DEFENDANT BOBBY BOONE IS AND AT All Times WAS The DEPUTY DIRECTOR, REGIONAL DIRECTOR, REGIONAL ADMINISTRATOR OF The OKLAHOMA Dept CORRECTIONS WITH A PERSONAL personam jurisdiction over The JAMES CRABTREE CORRECTIONAL Center (JCCC) INSTITUTIONAL FACILITY. DEFENDANT IS AND AT All Times IS directly Responsible For AND OVER The JCCC INSTITUTION ITS FACILITY, ITS EMPLOYEES AND STAFF, AS well As The OPERATIONS OF SAME.

66. From 2008 to Current APRIL 2011, PLAINTIFF'S Submitted COMPLAINTS to defendant over The JCCC Abuse violations And wrongdoings OF The CONDITIONS OF CONFINEMENT, MISMANAGEment OF Funds, LIVEING CONDITIONS. LACK OF food, NUTRITION, FIBER WITHIN The Meals. MEDICAL, COMMISSARY, CANTEEN VIOLATIONS, LAW LIBRARY VIOLATIONS, CONFISCATION OF Legal MAIL AND Legal work. CORRESPONDING VIOLATIONS. GRIEVANCE And STAFF Request PROBLEMS AND VIOLATIONS. DISCRIMINATION, Retaliation. Defendant Responded, in PART And Refused to Act or Respond, IN PART. See, PLAINTIFF'S TABLE OF EXHIBITS.

67. OCTOBER 2010 Through OCTOBER 2011 defendants placed PLAINTIFF AND others on GRIEVANCE RESTRICTION AS PUNISHMENT And Retaliation FOR FILEING COMPLAINTS Which defendant Covered UP?.

## FOURTY ETH CAUSE OF ACTION

The Acts, ACTIONS, And VIOLATIONS OF defendant VIOLATE PLAINTIFF'S well settled And established 1, 5, 6, 8, 14TH CONSTITUTIONAL AMENDMENT RIGHTS. DENIAL AND RESTRUCTION TO ACCESS TO The Courts Which CAUSED PLAINTIFF to LOSE AN APPEAL! LAW LIBRARY Restrictions. DUE PROCESS, FAIRNESS, EQUAL PROTECTION OF The LAWS. ABUSE OF OFFICE, POSITION, POWER And AUTHORITY.

## FOURTY FIRST CAUSE OF ACTION

FAILURE TO INTERVENE, STOP AND CORRECT The VIOLATIONS. DELIBERATE INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL, CIVIL AND PRISONER RIGHTS. CRUEL AND UNUSUAL PUNISHMENT. RECKLESS CALLOUS DISREGARD FOR PLAINTIFF'S well settled And established CONSTITUTIONAL, CIVIL, PRISONER RIGHTS. NEGLIGENCE / GROSS NEGLIGENCE. FAILURE to Protect AND SAFEGUARD PLAINTIFF'S STATE- And FEDERAL RIGHTS. COVER UP AND CONSPIRACY OF defendants And Their deliberate, INTENTIONAL VIOLATIONS. RACEIAL DISCRIMINATION. RETALIATION, DISCRIMINATION, deliberate PUNISHMENT FOR PLAINTIFF'S FILEING COMPLAINTS, REQUEST OF STAFF'S, And GRIEVANCES. CONFLICT OF INTEREST.

RELIEF From DEFENDANT BOBBY BOONE, et.AL. ETC.

(i) INJUNCTIVE RELIEF: That this defendant be enjoined and restrained from/to:
any more or further abuse of office, position, power and authority. From any more or further retaliation, discrimination, punishment or indifference to plaintiff's, prisoners or free peoples, similarly situated, for filing complaints, request of staffs and grievances from covering up or conspireing for or with Doc, state and personnel for their violations to immediately intervene, investigate, stop and correct the abuse of violations. To promply and speediently order investigations into the wrongdoing and violations. Conditions of confinement, civil rights, prisoners rights of plaintiff's, free people and others similarly situated. Protect and safeguard the safety and security of plaintiff's and prisoners, which there property is included. From setting out and jeopardizeing plaintiffs and prisoners and free people for filing complaints, staff request and grievances-complaints, to promply and speediantly answer and respond to all letters, mail, complaints, stop the racisim, prejudice, biasenoss.

(ii) MONETARY DAMAGE AWARDS of $5,000,000.00 compensatory, general, special.

(iii) PUNITIVE DAMAGES of $5,000,000.00

16. Defendant, DAVID PARKER, WARDEN, JAMES CRABTREE CORRECTIONAL CENTER, et.AL. (JCCC) et.AL. oklahoma Dept. Corrections, et.AL. etc.

68. PLAINTIFF invokes and re-alleges PARAGRAPHS 52 Through 67

69. Defendant, WARDEN DAVID PARKER, is and at all times was the warden, in full charge of JCCC, its staff and its personnel, conditions of confinement, living conditions and the overall operations of JCCC etc and its staff and personnel, and was at all times personally knowledgeable and aware of the below listed wrongs and violations and deliberately and intentionally caused and created the violations then conspired and covered up for same.

70. From 2008 to current April 2011, plaintiff's submitted complaints, request of staff's to defendant over the JCCC abuse violations, all wrongsdoings concerning the conditions of confinement, mismanagement of funds, stollen and missing money, living conditions. Lack of food, nutrition, fiber within the meals. Medical, commissary-canteen prices, law library and supervisor violations and restrictions, confiscation of legal material and legal mail. Correspondance violations. Grievance and staff request problems. Discrimination, retaliation, coverup, sexual discrimination, harrassment etc etc. Defendant answered in part, refused to answer in part.

71. Defendant deliberately and intentionally orders inmates written misconducts for going without a shirt on the recreation yard, even the OPPs say we can, he condemed it out there in the middle of the country on farm land, even in 75, 80 - 100 degree weather, he will not let inmates take their shirts off! No matter how they dehydrate because it offends some female employees, to spite and punish us, which serves no peoolog-ical interest what so ever!

72. Defendant took the country station off the air - network "CMT" because it was predominately white but added two stations. A Hispanic Network which is hispanic only and BET, A predominately Blacks only TV network. No Indian or white station, CMT, which was out of spite, vindictiveness and to play the races against each other to cause rage, hate, retaliation, riots, against each other to force them to fight! which they almost did!

73. Plaintiff is very valuable legal exhibits documents were confiscated lost or destroyed which caused plaintiff's case and appeal to be denied! which plaintiff could not get back and still has not gotten back. Defendant still has not acted!

74. Defendant will not allow plaintiff to use his own trust fund mandatory savings account money and defendants take it, take the profits and interest from it and do not list or account for where it goes or how it is spent. Defendants steal, extort and embezzle money, sales money and do not list or account for where it goes, how it is spent or who gets it! which plaintiff and others suffer over. Defendants at times do not send court costs payments to the courts they deduct. They steal it - take it which plaintiff and others suffer from. Defendant does not order state clothes at times which inmates have to go without their basic needs. Defendant upped the indigent status and sabotaged indigent status because when SANS pay was lowered to 10.00 everyone was eligable for indigent status. Defendant charges co-pay for indigent status. medical, law library, 25¢ copying, which is outrageous and violates the economy of this institution which deprives inmates to make inmates suffer! Canteen prices overpriced, excessively priced to get DCI money we suffer over.

75. October 2010 Through October 2011 defendants placed Plaintiff And others on grievance restriction And still will not have any of Plaintiff's grievances or request of staff's answered. Defendants try to beat the grievance which defeats And restricts the cause, purpose, design of the request/grievance which is to not beat! But to resolve the issues. This is intentionally And deliberately done to impede the grievance process to keep lawsuits from being filed and exhaustion futile!

76. March 23, 2011 Plaintiff's legal material, in forma pauperis was Again confiscated And defendant refuses to do Anything About it. Defendant Harris, infra, is permitted to screen, read, censor, edit And restrict petitions And Actions to the courts Any way they deem they want to. Defendants do Absolutely no thing About it what so ever! This is what got Plaintiff's cases denied for last Time! which Plaintiff's still suffers from.

77. Defendant And his staff deliberately delays outgoing mail to the courts from Plaintiff And others which made his in forma pauperis get to the court late which the court denied his Appeal! see, Plaintiff's Table of exhibits. Defendant will not order his trust fund staff to immediately respond to IFP request. The deliberately And intentionally hold them up to get cases impaired And dismissed! which Plaintiff still suffers from And will continue to suffer from.

78. Defendant will not Allow receipts or logging in of request of staff's be done, or grievances. said will verify the defendants intentional coverup And non-answering of the request/complaints And grievances.

79. Defendants will not Allow inmates pen pal, pen pal internet access nor to be on internet pen pal web listings which restricts correspondance with free people, Indians And others similarly situated. Defendants deliberately And intentionally violate And insure the correspondance between Plaintiff's, husband And wife- And confiscated, lost, And destroyed husband to wife- materials, Indian heritage, legal documents And exhibits be picked up, As stated at Defendant SGTS Barker And Dooly, infra And defendant warden still, to this date will not do Any thing About it.

80. Defendants Are kin to each other, married to each other, know And grow up with each other, coverup for each other which is so prejudicial, the conflict of interest is Arbitrary And capricious

81. Defendants will not let inmates hold each other with their legal work and cases. They have made this prison facility into a concentration camp. They punish us for this, write misconducts up against us, lock us up, and, retaliate against plaintiff and others for doing legal work, set us up, transfer us to prisons where they know plaintiff and others similarly situated will get killed or severely hurt, injured or impaired. Have plaintiff shaken down and legal work materials confiscated! Plaintiff and others have to live in fear daily and constantly over this!

## Fourty Second Cause of Action

The acts, actions and violations of defendant warden Parker constitute a violation of plaintiff's well settled and established 1, 5, 6, 8, 14th constitutional amendments. Denial and restraint to access to the courts which caused plaintiff great harm and injury on losing his appeal and federal action. Law library, legal mail, and correspondance rights violations. Destruction of legal mail legal documents, exhibits which severely injured and impaired plaintiff. Due process, fairness, equal protection of the laws violations. Abuse of office, position, power & authority.

## Fourty Third Cause of Action

Failure to intervene, stop and correct the wrongs and violations. Deliberent indifference to plaintiff and his constitutional state and federal rights. Cruel and unusual punishment. Arbitrary and capricious treatment. Reckless callous disregard for plaintiff's well settled and established state and federal constitutional rights. Civil rights — prisoner rights violation. Coverup and conspiracy of and with defendants. Deliberate and intentional violations. Retaliation, spite, vindictiveness, discrimination for filing complaints, request, grievances and getting help working and litigateing on plaintiff's cases and situation, and, deliberate, arbitrary-capricious punishment for same. Conflict of interest. Failure to protect.

## Fourty Fourth Cause of Action

Negligence, gross negligence, professional malpractice, feasance violations. Monopolizeing. Fair priceing violations. Price fixing and gougeing. Excessive priceing. Overchargeing. Consp-iracy. Anti-trust violations. Excessive copying fees of 25¢ per copy. Indigent co-pay violations. Eminent domain violations — takeing clause violations. Mismanagement of funds. Accounting malpractice. Fraud and deception. Embezzlement, stealing, extortion of funds and profits. Discrimination, sexual discrimination, sexual harassment, retaliation.

<u>RELIEF</u>   FROM DEFENDANT <u>WARDEN DAVID PARKER</u>, ET. AL. etc.

(i) <u>INJUNCTIVE RELIEF</u>: That this defendant be ENJOINED and RESTRAINED From/TO: ANY MORE OR FURTHER ABUSE OF OFFICE, position, power and Authority. From ANY MORE OR further Retaliation, discrimination, punishment or indifference TO plaintiff's prisoner or FREE peoples similarly situated, NOR set ups or Conspiracies, for fileing complaints Request and Grievances, From covering up for Same. TO Answer And have Answered All Request, Complaint And grievances completely, with NO et cuses. From impAuring and Frivolous Excuses to keep from Answering or Responding to grievances. To start And implement A Reciept system for Request TO staffs, complaint forms, complaints, and Grievances. to permit Prisoners to TAKE Their shots off on the men's, their own Recreation Yard, in the country, in the middle of NO where. From ANY MORE sexual discrimination, indifference, Retaliation, harassment, Sexual harassment or deliberate indifference. TO implement AN Indian station Network, and CMT Network station equal to Hispanics And blacks N et work station. To stop the Law Library Abuse violations. TO immediately intervene, Investigate, stop And Correct violations. To promply And speediently order investigations into the wrong doings and violations of staffs conditions of confinement, civil rights, liveing conditions, And prisoners rights of plaintiff's, free peoples, And others similarly situated. Protect And safeguard the safety And security of plaintiff's And others similarly situated, with their property And legal material included. From Transferring plaintiff And others similarly situated to institutions prisons where defendant knows or has reason to know would be in severe harm And danger due to the Nature of their charges And Convictions. From setting out And jeoPardizeing plaintiff And others similarly situated. From ANY MORE Racism, biase, Prejudice. To food enough to eat, Nutricion, proper foods, fiber, potasium. proper diet. To put enough food, which is warm on plaintiffs And others similarly situated tray. From pricing + monopolizeing.

(ii) <u>MONETARY DAMAGE AWARDS</u> of $5,000,000.00 Compensatory, General, Special

(iii) <u>PUNITIVE DAMAGES</u>   of $5,000,000.00

17.  Defendant, <u>BECKY GUFFY</u>, <u>WARDEN ASSISTANT</u>, <u>GRIEVANCE COORDINATOR</u>, <u>LAW LIBRARY Director</u>, JCCC, DOC, ET. AL.

82.  PLAINTIFF INVOKES And REALLEGES PARAGRAPHS 52 Through 81

83. Defendant Becky Guffy, a white female, is and at all times was the Warden's Assistant, Grievance coordinator, Law Library Director in full charge of power and authority over her lower staff and personnel. Conditions of confinement, living conditions, and the overall operations of JCCC Institution and at all times was personally aware of and knowledgeable of the above and below listed wrongs and violations and deliberately and intentionally caused and created the above and below violations and listed wrongs, in joint with defendant Parker then ignored, disregarded, conspired and covered up for same.

84. From 2008 to current April 2011, plaintiff submitted complaints, request of staffs and grievances to defendant over the JCCC abuse, mistreatment violations and wrongdoings concerning the JCCC conditions of confinement, living conditions, food, Trust fund mismanagement of funds, inappropriations, stolen and missing money. Lack of food, nutrition and fiber. Law Library violations and restrictions. Confiscation, loss, destruction and hold up and delay of legal materials, documents etc. Correspondance violations, impairments, request of staffs and grievance problems. Discrimination, cover up, conspiracy, sexual harassment. Defendant answered in part and refused to answer in part. In retaliation, defendant placed plaintiff on grievance restriction for one year! October 2010 to October 2011!

85. Defendant deliberately uses bogus frivolous excuses to keep from answering grievances to deliberately and intentionally impair, restrict and impede the grievance process procedure to beat the grievance! To intentionally and deliberately threaten plaintiff and others similarly situated over filing grievances to place them in fear and retreat for filing the grievances to deliberately and intentionally violate and sabotage the grievance process to stop and impair-restrict exhaustion so prisoners cannot file suit due to a lack of exhaustion. See, PLAINTIFF'S TABLE OF EXHAUSTS; MOTION TO WAIVE EXHAUSTION AS NON-AVAILABLE.

86. March 23, 2011 plaintiffs in forma pauperis was again confiscated and defendant again deliberately and intentionally refuses to intervene to do anything about it but covered for this violations. See, DEFENDANT FELICIA HARRIS, INFRA, whom is permitted, without discretion, to confiscate, screen, read, censor, impair, impede, edit and restrict petitions and actions to the courts any way defendants want to, which is what get plaintiffs cases dismissed in the first place, which plaintiff's still continuously suffer from, whom also delays and intentionally hinders outgoing legal mail in retaliation to deliberately and intentionally get plaintiffs, and others, cases dismissed as "untimely". See, PLAINTIFF'S BRIEF.

87. Defendant will not, intentionally and deliberately, allow pen pal internet listings for prisoners and restricts correspondance with free people, clubs and organizations, with indians similarly situated. Defendant intentionally and deliberately violated and insured correspondance between plaintiff's, husband and wife and confiscated, lost and destroyed husband to wife indian materials. Indian heritage, legal work, legal documents and exhibits for visitor pickup. See Defendants Set's Barker and Dooly, infra. Defendant deliberately and intentionally will not do any thing about it but deliberately is noels and dis regards same.

88. Defendants are kin to eachother, married to eachother, grew up together, went to school with each other, knew each other, run together when covorus for eachother which has become so prejudicial as to create a conflict of interest, which is becoming arbitrary and capricious.

89. Defendant deliberately and intentionally will not allow inmates take their shirts off on the men's own rec yard, even though the opps permit same after 5:00 p.m. weekdays on weekends and have inmates written misconducts for same. Which is done out of spite, vindictiveness, punishment, even in 75 to 100 degree weather! Defendants Guffy and Parker overrulo the DOC mail opps. operateing procedure and implement their own, to setually hardss and discriminate against plaintiff and other offenders similarly situated.

90. Defendant intentionally and deliberately impairs, implieds and restricts inmates from helping each other with each others cases and writes them misconducts and shuts, transfers them in retaliation for same. Some prisoners, as plaintiff, lives in fear constantly and continuously for haveing to get help from another inmates. He cannot afford a lawyer, and, due to the nature of his charges and convictions, must have someone he can trust and dependon. some prisoners were attacked, killed, severely impaired, disfigured, penis cut off. See Todd Frosic, District Court Pittsburg County. whom was here!

## FOURTY FIFTH CAUSE OF ACTION

The acts, actions and violations of defendant Guffy constitute a violation of plaintiffs well settled and established 1,5,6,8,14th Constitutional Amendments. Denial and restriction to access to the courts which caused plaintiff severe harm and injury on loseing his appeal and federal action. Law library, legal mail and correspondance rights violations. Destruction of legal mail, legal documents, exhibits which severely injured and impaired plaintiff's. Due process, fairness, equal protection of the laws violations. Abuse of office, position, power and authority.

## FOURTY SIXTH CAUSE OF ACTION

FAILURE TO INTERVENE, STOP AND CORRECT THE WRONGS AND VIOLATIONS. DELIBERATE INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL STATE AND FEDERAL RIGHTS. CRUEL AND UNUSUAL PUNISHMENT. ARBITRARY AND CAPRICIOUS TREATMENT. RECKLESS CALLOUS DISREGARD FOR PLAINTIFF'S WELL SETTLED AND ESTABLISHED STATE AND FEDERAL - CONSTITUTIONAL RIGHTS. CIVIL RIGHTS, PRISONERS RIGHTS VIOLATIONS. COVERUP AND CONSPIRACY OF AND WITH DEFENDANTS. DELIBERATE AND INTENTIONAL VIOLATIONS. RETALIATION, SPITE, VINDICTIVENESS, DISCRIMINATION FOR FILING COMPLAINTS, REQUEST, GRIEVANCES AND GETTING HELP WORKING AND LITIGATEING ON PLAINTIFF'S CASES AND SITUATION, AND, DELIBERATE, ARBITRARY, CAPRICIOUS PUNISHMENT FOR SAME. CONFLICT OF INTEREST, FAILURE TO PROTECT.

## FOURTY SEVENTH CAUSE OF ACTION

NEGLIGENCE, GROSS NEGLIGENCE, PROFESSIONAL MALPRACTICE. FOR SCIENCE VIOLATIONS FRAUD, DECEPTION. DISCRIMINATION, SEXUAL DISCRIMINATON, SEXUAL HARASSMENT, SEXUAL DISCRIMINATORY RETALIATION

## RELIEF FROM DEFENDANT BECKY GUFFY, ET. AL. ETC.

(i) INJUNCTIVE RELIEF: THAT THIS DEFENDANT BE ENJOINED AND RESTRAINED FROM/TO: ANY MORE OR FURTHER ABUSE OF OFFICE, POSITION, POWER AND AUTHORITY. FROM ANY MORE OR FURTHER RETALIATION, DISCRIMINATION, PUNISHMENT, VINDICTIVENESS, SPITE OR INDIFFERENCE TO PLAINTIFF'S PRISONER OR FREE PEOPLE SIMILARLY SITUATED, NOR SET UPS OR CONSPIRACIES, FOR FILEING COMPLAINTS, REQUEST AND GRIEVANCES, FROM COVER UP FOR SAME, FROM GETTING LEGAL HELP AND ASSISTANCE FROM OTHER INMATES. TO ANSWER ALL REQUEST, COMPLAINTS AND GRIEVANCES FULLY AND COMPLETELY WITH NO EXCUSES. FROM IMPAIRING AND FRIVOLOUSLY EXCUSES TO KEEP FROM ANSWERING OR RESPONDING TO THE GRIEVANCES. TO START AND IMPLEMENT A RECEIPT SYSTEM FOR REQUEST TO STAFF'S, COMPLAINT FORMS, COMPLAINTS AND GRIEVANCES. TO PERMIT PRISONERS TO TAKE, OFF, THEIR SHIRTS ON THE MEN'S, THEIR OWN RECREATION YARD, IN THE COUNTRY, IN THE MIDDLE OF NO WHERE. FROM ANY MORE RACISM, DISCRIMINATION, INDIFFERENCE, SEXUAL INTIMIDATION, SEXUAL DISCRIMINATION, INDIFFERENCE, HARASSMENT, RETALIATE OR DELIBERATE INDIFFERENCE TO INDIANS OR ANYONE ELSE SIMILARLY SITUATED. STOP THE LAW LIBRARY ABUSE VIOLATIONS. TO IMMEDIATELY INTERVENE, INVESTIGATE, STOP AND CORRECT VIOLATIONS. TO PROMPTLY AND SPEEDIANTLY ORDER INVESTIGATIONS AND INTERVENTION INTO WRONGDOINGS OF STAFF AND EMPLOYEES AND NOT COVERUP OR IMPEDE SAME. WHICH INCLUDE CONDITIONS OF CONFINEMENT, CIVILRIGHTS, LIVING CONDITIONS AND PRISONERS RIGHTS WHICH INCLUDES PLAINTIFF AND EVERYONE SIMILARLY SITUATED. PROTECT AND SAFEGUARD THE SAFETY AND SECURITY OF PLAINTIFFS AND OTHERS SIMILARLY SITUATED, WITH THEIR PROPERTY AND LEGAL MATERIAL INCLUDED. FROM TRANSFERRING PLAINTIFF AND OTHERS SIMILARLY SITUATED TO INSTITUTIONS PRISONS WHERE DEFENDANT KNOWS OR HAS REASON TO KNOW

would be in severe harm and danger to the nature of their charges and convictions. From setting out and jeopardizing plaintiffs and others similarly situated. To feed enough to eat, nutrition, fiber. Put enough food on the tray.

(ii) MONETARY DAMAGE AWARDS of $5,000,000.00 compensatory, general, special

(iii) PUNITIVE DAMAGES of $5,000,000.00

18. DEFENDANT, FELICIA HARRIS, LAW LIBRARY SUPERVISOR, JCCC, et.al.etc.

91. PLAINTIFF INVOKES AND RE-ALLEGES PARAGRAPHS 52 Through 90

92. DEFENDANT, FELICIA HARRIS, A white female, IS AND AT ALL Times was the LAW LIBRARY supervisor, JCCC, et.al.etc. DEFENDANT I's to supervise the LAW LIBRARY, its inmates and its upkeep. Stamp outgoing legal mail, take it to the mailroom for mailing. That is all she does

93. FROM 2008 to current April 2011 defendant SCREENS, CENSORS, READS, AND REVIEWS outgoing legal mail to the courts and attorney's of record. She CONFISCATES the said legal mail, reads and reviews it, tells the prisoner what he can file, what he cant file. This is pursuant to what mood she is in. She is going to Paralegal school. She plays the role of clerk of court, DA, lawyer and judge. She then confiscates it. Forces the prisoner to send the original home or out of the institution, and send a copy to the clerk or destination. Refuseing to allow plaintiff to keep his own copy, after he PAYS FOR SAME, for his own PERSONAL RECORDS to litigate with. She exceeds the scope of her authority, which is what she did to plaintiff. PLAINTIFF FILE COMPLAINTS on her. SEE, PLAINTIFF'S TABLE OF EXHIBITS.

94 Defendant I's NOT HERE MOST of the Time, closes the LAW LIBRARY, leaves and defendant GUFFY, supra, her director will not intervene nor open the LAW LIBRARY ups.

95. DEFENDANTS HARRIS, GUFFY AND WARDEN PARKER will not update the LAW LIBRARY. Will not stock A Computer to Review other circuit ruleing decisions, only the tenth circuit. Refuses to upgrade the LAW LIBRARY. Charges 25¢ a copy. CONFISCATES in former PAUPERI's forms completed, reviews and screens them, Charges $1.00 for NOTARY work. If the prisoner has no money, he is beat. She holds his work, legal material up until disbursements clear and clear from the trust fund makeing plaintiff and others miss deadlines! Which severely prejudices and injures them.

67

96. Defendants charge inmates for indigent supplies. Paper, pens. If no money, they assess the cost to their prison co-pay account then takes all their money from gang pay and outside sources. Charge for state supplies the state taxpayers already paid for. The trust fund won't act or respond often. She won't check on it which causes the plaintiff and others to miss deadlines. Which injures them severely.

97. In AEOCCA, Kerchee v. Jones, PC-2009-107. Plaintiff and his lawclerk submitted forms with defendants, which went to the trust fund, whom did not act, nor did they ever respond to plaintiff's multiple request! When they did reply, plaintiff put his IFP motion in the mail. Defendants Harris, Guffy, mailroom staff confiscated and seized it to deliberately delay it and hold it up to deliberately and intentionally punish and retaliate against plaintiff's, him and his wife Deborah, for filing complaints, request of staff's, and grievances against them. January 13, 2009 the request was filed and others filed the 14, 15th, 16th. <u>Motion for extension of time immediately filed.</u> Defendants ! confiscated and seized same but did not mail it! Defendants refuse to give receipts! Plaintiff's wife timely sent his appeal in which made it to the court, however, the Informa pauperis motion, the extra ones filed, were also held up. The OCCA did not receive the said IFP until <u>February 6, 2009</u> ! The OCCA dismissed plaintiff's appeal which he did not get back or reinstated! See, <u>Kerchee v. Jones</u>, supra. OCCA decision of December 15, 2009. Which severely harmed and injured plaintiff which they still suffer from. The federal judge disbelieved plaintiff and denied plaintiff's federal writ of Habeas Corpus <u>February 2011</u>, just recently. See, <u>Kerchee v. Jones</u> case no. CIV-10-1128-R. Which plaintiff's still suffer from.

98. March 23, 2011, defendant Harris did this yet again! This is defendant's practice, procedure and custom. Their standard practice. She confiscated plaintiff's Informa pauperis, with account ledger sheets, plaintiff paid for in good faith. Refused to allow plaintiff put his motion extra explanations annexed-added to the motion, and refused to allow plaintiff to mail it home to his wife to copy and put with his/their case file! Defendant refused to allow plaintiff to have his own personal copy of it. Told him he could not have it or the copy of it and told plaintiff that he couldn't do that! She then forced plaintiff to address an envelope and mail

the I N former Pauperis to the court! Plaintiff does not even know if she actually mailed the IFP motion or not! She will not allow no one to witness her give it to the mail clerk. She hates Indians, as well as other males and does this practice deliberately.

99. Defendant refuses to allow plaintiff to copy his legal work she screens, views, reads and censors. If said legal documents don't fit her expectations, she wont copy it.

100. Defendant hates to see inmates and jail house lawyers do legal work or help each other with their — each others cases! Defendant checks their hand writing, or ten if the hand writing does not match, she will either confiscate it, write the plaintiff or others up with a misconduct, lock them up and sometimes ship them to another prison where they are attacked and injured. Plaintiff has to send his legal work home for his wife to copy and mail. Plaintiff has to live in fear over this! Defendant often tells the prisoner what he can file, what he cant. Defendant Buff and Parker refuse to intervene and stop this but encourage her to do this!

## FOURTY EIGHTH CAUSE OF ACTION

The acts, actions and violations of Defendant supervisor Harris violate plaintiff's well settled and established constitutional rights of the 1, 5, 6, 8, 14th constitutional amendments. Denial and restriction to access to the courts which caused plaintiff severe harm, injury and impairment on loseing his appeal and federal action. Law library, legal mail and correspondance rights violations. Destruction of legal mail, mail, hamperment, documents and exhibits which severely injured and impaired plaintiffs. Due process, fairness, equal protection of the laws. Abuse of office, authority, power and position.

## FOURTY NINETH CAUSE OF ACTION

Failure to intervene, stop and correct the wrongs and violations. Deliberate indifference to plaintiff and plaintiffs state and federal constitutional rights. Cruel and unusual punishment. Arbitrary and capricious treatment. Reckless callous disregard for plaintiff or plaintiff's well settled and established constitutional rights. Civil rights, prisoners rights violations. Coverup and conspiracy of and with named defendants. Deliberate and intentional violations. Retaliation, spite, vindictiveness, discrimination for fileing complaints, request staff's, grievances and for getting inmate legal help and assistance from jailhouse lawyers on plaintiffs cases and causes of action, situation and deliberate, arbitrary, capricious punishment for same. Conflict of interest. Failure to protect.

69

FIFTYETH CAUSE OF ACTION

NEGLIGENCE, GROSS NEGLIGENCE, PROFESSIONAL MALPRACTICE, FEHENCE VIOLATIONS, FRAUD, DECEPTION, DISCRIMINATION, SEXUAL DISCRIMINATION, SEXUAL HARASSMENT, DISCRIMINATORY RETALIATION, BIASE, PREJUDICE, LACK OF DUE CARE FOR PLAINTIFF OR PLAINTIFFS RIGHTS

RELIEF:  FROM DEFENDANT SUPERVISOR, FELICIA HARRIS

(i) INJUNCTIVE RELIEF: THAT THIS DEFENDANT BE ENJOINED AND RESTRAINED FROM/TO: ANY MORE FURTHER ABUSE OF OFFICE, POSITION, POWER AND AUTHORITY, FROM ANY MORE OR FURTHER RETALIATION, DISCRIMINATION, PUNISHMENT, VINDICTIVENESS, SPITE OR DELIBERATE INDIFFERENCETO PLAINTIFF'S PRISONERS OR FREE PEOPLES SIMILARLY SITUATED, NOR SET UPS OR CONSPIRACIES, FOR FILEING COMPLAINTS, REQUEST TO STAFF'S AND GRIEVANCES, FROM COVERUP FOR SAME, FROM GETTING LEGAL HELP AND ASSISTANCE FROM OTHER INMATES TRAINED IN THE LAW, TO ANSWER ALL REQUEST AND COMPLAINTS FULLY AND COMPLETELY WITH NO EXCUSES, FROM IMPAIREING ANY MORE OR FURTHER, WHICH INCLUDES RESTRICTIONS, ACCESS TO THE COURTS, ACTIONS, LEGAL PLOADINGS, FROM READING AND CONSOREING COURT, ATTORNEY OR LEGAL CORRESPONDANCE. OPON THE LAW LIBRARY FOR ACCESS FIVE EIGHT HOUR DAYS. NOT TWO DAYS OR THREE PARTIAL DAYS PER WEEK. SHOW UP FOR WORK. DO YOUR SCHOOLING ON YOUR OWN TIME. STOP CLOSEING THE LAW LIBRARY! UPGRADE THE LAW LIBRARY WITH UP TO DATE FEDERAL AND STATE VOLUMES, BOOKS. F. 3d, F. SUPP. 2d, P.3d, POCKET PARTS, USC AND POCKET PARTS, AND STOP RESTRUCTING ACCESS. IMPLEMENT A RECEIPT SYSTEM AND LOGGING SYSTEM FOR LEGAL MAIL, REQUEST TO STAFF'S, GRIEVANCES, GRIEVANCE APPEAL. PUT UP A NOTICE AS TO WHAT FORMS YOU STOCK. STOP CHARGEING INDIGENTS. STOP MISMANAGEING INMATE ACCOUNTS AND HOLDING UP COPIES, POSTAGE AND LEGAL PLOADINGS UNTIL THE INMATE ACCOUNT CLEARS, WHICH TAKES DAYS - WEEKS SOMETIMES. FROM CHARGEING 25¢ PER COPY ON STATE MATERIALS ALREADY PAID FOR AND SUPPLEMENTED, FROM ANY MORE $1.00 NOTARY FEES. FROM ANY MORE OR FURTHER CONSOREING OF LEGAL MAIL, LEGAL CORRESPONDANCE, LEGAL DOCUMENTS. FROM ANY MORE OR FURTHER RACEISM, HARASSMENT, RETALIATION, DISCRIMINATION, SEXUAL HARASSMENT AND DISCRIMINATION. FROM ANY MORE OR FURTHER COVERUP OR CONSPIRACY WITH DIRECTOR GUFFY, STAFF OR INMATES. FROM DISCUSSING ANY MORE OR FURTHER BUSINESS OF INMATES, WHAT THEY FILE, SETTING THEM OUT OR EXPOSEING THEM, BY TALKING LOUD WITH GUFFY AND OTHERS SO THAT THE BY STANDARD INMATES CAN HEAR IT! FROM VIOLATEING ANY MORE OR FURTHER PRISONERS RIGHTS OR CIVIL RIGHTS, CONDITIONS OF CONFINEMENT. PROTECT AND SAFEGUARD INMATES AND ENFORCE THEIR RIGHTS, WHICH INCLUDE EVERYONE SIMILARLY SITUATED, FROM FUTURE VIOLATIONS AND IMPAIRMENTS, OF INMATES, THEIR LEGAL MAIL AND THEIR PROPERTY

FROM WRITING INMATES AND PLAINTIFF MISCONDUCT, LOCKING THEM UP, AND SHIPPING THEM TO OTHER INSTITUTIONS FOR COMPLAINING, FILING REQUEST TO STAFF'S, GRIEVANCES AND NOW GETTING ANY MORE OR FURTHER PRISONERS ATTACKED, BEATTEN, MAKING THEM ABUSIVE, ARGUE AND FIGHT WITH EACH OTHER, AND DUE TO THE NATURE OF THEIR CHARGES AND CONVICTIONS.

(ii)   <u>MONETARY DAMAGE AWARDS</u> OF $5,000,000.00 COMPENSATORY, GENERAL, SPECIAL

(iii)  <u>PUNITIVE DAMAGES</u> OF $5,000,000.00

19. DEFENDANT, <u>CHARLENE BREDEL</u>, JCCC TRUST FUND ACCOUNTANT SUPERVISOR-DIRECTOR, TRUSTEE, TRUST FUND CUSTODIAN, COMMISSARY-CANTEEN TRUST FUND OFFICER SUPERVISOR-DIRECTOR, ET.AL. ETC.

101. PLAINTIFF INVOKES AND REALLEGES PARAGRAPHS 52 THROUGH 100, IN PART

102. PLAINTIFF INVOKES JOINTLY DEFENDANT WARDEN, DAVID PARKER, PARAGRAPHS 68 THROUGH 81

103. DEFENDANT, CHARLENE BREDEL, A WHITE FEMALE, IS AND AT ALL TIMES WAS THE SUPERVISOR AND DIRECTOR OF THE JCCC ACCOUNTING TRUST FUND WHOM IS SOLELY RESPONSIBLE WITH DEFENDANT WARDEN PARKER OF THE OVERALL OPERATIONS OF THE INMATE TRUST FUND, MANDATORY INMATE TRUST FUND ACCOUNT, SPECIAL PROJECT, ALL MONIES AND INCOMES FROM CLUBS AND SALES, PROFITS AND COURT COST, SETTING CANTEEN-COMMISSARY PRICES AND MARKUP AND SUPERVISEING, REVIEWING AND DIRECTING VENDORS, ORDERING OF SALES ITEMS MERCHANDICE FOR THE CANTEEN COMMISSARY, MANDATORY DEDUCTION

104. FROM 2008 TO CURRENT APRIL 2011 PLAINTIFF'S AND OTHERS SUBMITTED COMPLAINTS, REQUEST TO STAFF. AND GRIEVANCES OVER DEFENDANTS ABUSE VIOLATIONS, EXCESSIVE AND UNFAIR PRICEING, RUNNING OUT OF CANTEEN-COMMISSARY ITEMS AND MERCHANDISE, DELIBERATELY RAISEING PRICES ON CANTEEN ITEMS TO GET OCI MONEY. SOME OF WHICH DEFENDANT BREDEL ANSWERED 'SOME SHE REFUSED TO AND STILL REFUSE TO ANSWER OR RESPOND TO. BECAUSE PLAINTIFF'S AND OTHERS DID INGOOD FAITH, SUBMIT COMPLAINTS OVER DEFENDANTS ABUSE VIOLATIONS. DEFENDANT BREDEL, GUFFY, PARKER AND MORTON PLACED THE PLAINTIFF, AND OTHERS SIMILARLY SITUATED ON GRIEVANCE-RESTRICTION FOR ONE YEAR! FROM OCTOBER 2010 TO OCTOBER 2011 AND SCRUTINIZE AND MONITER AND AND ALL REQUEST TO STAFF'S PLAINTIFF FILES!

105. WARDEN PARKER HATES AND DISPISES OCI BECAUSE HIS WIFE WAS FIREDD TERMINIATED AT AN OCI EMPLOYEE AT OCI AT LEXINGTON OR JOSEPH HARP CC. DEFENDANTS PARKER, BREDEL, GUFFY, AND OTHERS HATE AND DESPISE OCI, THE MONEY THEY MAKE AND GENERATE HERE AT THIS JCCC PLANT FACILITY. OCI, CELLOR INMATE EMPLOYEES GENERATE FROM $150.00 TO $450.00 NET TAKE HOME PAY, LOSS 2010 MANDATORY SAVEINGS DEDUCTIONS. DUE TO THIS, OCI IN MARCH 2011 GAVE DOC FROM $4 TO $7 MILLION DOLLARS TO SAVE DOC FURLOUGHS AND DEFENDANTS STILL HATE IT AND DESPISE IT.

106. Doc and state cops and statute regulate the price markup of canteen prices as on OP-120701 $.40 over cost on hygiene items, 15.00 markup on all other items. 5 70.5.549 covers inmate trust funds and mandatory savings. See, plaintiff's table of exhibits.

107. Out of spite, embezzlement, extortion, deliberate and intentional, deliberate spite, vindictiveness, defendants raise the prices of merchandise excessive to above cost and do not seek to get cheaper vendor, distributors and wholesalers. They intentionally markup the canteen prices excessively to get OCI money and inmates whom get money from their outside sources while monopolizing and conspireing, reap the profits and simultaneously cut the inmate gang pay from $19.00 mo to now $10.00 mon. Depending on the "level" the inmate-offenders are.

108. Defendants steal, extort or embezzle club money, canteen money, trust fund money, profit money, interest profit money, and never but deliberately and intentionally refuse to post where the profit money, inmate trust fund interest money profits go, whom gets it or how much is sent to them or what the remaining budget has in it. Defendants intentionally and deliberately hide, coverup and conspire over same. which violates the freedom of information act, Oklahoma open records act. Defendants punish inmates and retaliate against them for complaining.

109. Defendants forcefully take and deduct 20% (5 7 0.5 549) from inmate wages which goes into the "inmate mandatory savings account" which the inmate cannot have access to. Defendants profit from the inmate mandatory savings account, keep and spend the profit money not giving it to the prisoner, nor will the defendants allow the prisoner to have his own interest money or profits from it generated. Defendants take it. It allegedly goes to the "inmate welfare fund", however, defendants declare also that said money goes to the DA victim's fund. Defendants refuse to give account, post or list where said inmate profits go, how much is made, how much is sent, whom it is sent to and what the final balance is. No balancesheet, work account or financial statement is ever issued or posted by defendants. Defendants hide and coverup for/over this! steal, embezzle, extort, use, mismanage these accounts as they want to. which also violates the taking clause and eminent domain. USCA Const. Amends which other USDC, USCT. Are have declared as unconstitutional. See, plaintiff's memorandum and brief. But inmates have to go without clothes or have to forcefully buy them off canteen or do without!

110. Defendants have inmate plaintiff, and others similarly situated punished for turning in a canteen order and not have the money to pay for it. Canteen draw is on Wednesday and Friday's **only**. For example, plaintiff's money from his wife comes in on Monday. The mail room personnel forgets to turn it in to the trust fund, or, trust fund personnel doesn't feel like posting it! Plaintiff's money is here, but not deposited to his account. And plaintiff goes to the canteen to draw down his merchandise - groceries. No money! Defendants punish him! Put him on canteen restriction for one to two weeks! Depending on what mood they are in. No hearing, no opportunity to be heard or explain, no due process rights or safeguards. Tried, sentenced and punished by defendants and their employee staff on the spot! No excuses, no explanations, no nothing! Direct punishment! Then and the plaintiff has to do without, go without, be deprived for one to two weeks, depending on what day defendants sanction him on the spot! Plaintiff has to go without, do without, be deprived of his basic hygiene items, upkeep items, medical items purchased, food items purchased. No indigents will be given to plaintiff due to having no money. Plaintiff and others similarly situated suffer greatly.

111. Defendants refuse to order enough canteen - commissary items to go around and deliberately restrict, hamper and impede canteen purchases. To deliberately punish inmates and retaliate against them for being prisoners, convicted, their offenses, being all male at an all male facility, facility employees being predominately white female and intentional. And deliberately run out of items to make inmates suffer, to go without, to spite and grieve them and retaliate against them and due to furloughs of employees! Which plaintiff and others is deliberately punished for. Also, Defendant Justin Jones personally came here and ordered defendants to stop running out of, items and to order enough to go around! Defendants totally ignored and disregarded Defendant Director Justin Jones command. Defendant Jones, Blevens, Beone, G several has still refused to intervene to correct this and to stop it and refuses to train and directly review and supervise defendants which is causing plaintiff's great losses, harm and injury.

112. Defendant Bredel and staff deliberately ignores and disregards request to staff's over trust fund accounts, balances, pauperis and information and fails and refuses to answer or respond to same in a timely manner or fashion, and, deliberately and intentionally delays them to sabotage inmates, plaintiff's court proceedings which in plaintiff's case, the OCCA

Rejected his Appeal for it, because of itcausing plaintiff great harm, damages, injury and prejudice which plaintiff is still continue to suffer from which the federal District Judge denied relief over too. See Koreche v. Jones, supra. (a) PC-2009-107 And (b) CIV-10-1128-R (W.D.OK).

113. Defendants intentionally and deliberately removed fingernail clippers and gloves from the canteen sales and confiscated same where they are on the DOC property matrix to punish and retaliate against plaintiff and others violating ex post facto laws and rights

114. A pint of ice cream is almost $2.00. Flat screen t.v.'s with remote is over $330.00 but, however, defendants confiscate the remote and sole it 'seperately' profiting extra from the remote that originally comes with the t.v.! Black market operations violations and overcharging. The same t.v. sells for $88.00 at Wal*Mart, pint of ice cream .77¢! 98¢ sliced cheese now at $2.23 package, in defendants monopolized price fixing, gaudgoing, excessive and unfair markup! Defendant refuse to carry cheaper brand name products like "Little Debbies" whom quit JCCC defendants refuse to come back! DOC sells Debbies all accross the state DOC system but here! 7-up soda .56 robed. mp-3 player $144.00 t. 3/15/2011 pricelist.

115. If defendants are out of the requested items when the plaintiff and others gets to the window, defendants intentionally and deliberately refuse to allow substitutes or exchanges! Nor will defendants allow alternate items in exchange of and replacement of the requested items, plaintiff and others suffer and are deliberately and intentionally deprived!

## FIFTY FIRST CAUSE OF ACTION

The acts, actions and violations of defendant violate plaintiffs well settled and established constitutional 1,5,6,8,14, ex post facto Amendment rights. Denial and restriction of access to the courts which caused plaintiff great harm and injury in loseing his appeal and federal action. Destruction and deliberately loss or destruction evidence, request of staffs, etc. which would have been used as documents and exhibits. Due process, fairness, equal protection of the laws violations. Abuse of office, position, power and authority.

## FIFTY SECOND CAUSE OF ACTION

Failure to intervene, stop and correct the wrongs and violations. Deliberate indifference. Cruel and unusual punishment. Arbitrary and capricious treatment. Reckless callous disregard for plaintiff and plaintiffs well settled and established constitutional rights, civil rights, prisoners rights, liveing conditions. Coverup and conspiracy. Deliberate and intentional violations. Retaliation, spite, vindutiveness, discrimination for fileing requests, complaints and grievances. Deliberate

74

ARBITRARY CAPRICIOUS PUNISHMENT FOR SAME. FAILURE TO PROTECT.

## FIFTY THIRD CAUSE OF ACTION

NEGLIGENCE, GROSS NEGLIGENCE, PROFESSIONAL MALPRACTICE, FEASENCE VIOLATIONS. MONOPOLIZEING. FAIR PRICEING VIOLATIONS. PRICE FIXING AND GAUGEING. EXCESSIVE PRICEING AND OVERCHARGEING. CONSPIRACY, ANTI-TRUST VIOLATIONS, INDIGENT CO-PAY VIOLATIONS. EMENENT DOMAIN VIOLATIONS, TAKEING CLAUSE VIOLATIONS. MISMANAGEMENT OF FUNDS AND ALL ACCOUNTS MANAGEMENT ACCOUNTING MALPRACTICE, FRAUD, DECEPTION. EMBEZZLEMENT, STEALING, EXTORTIONS OF FUNDS AND PROFITS AND INTENTIONAL AND DELIBERATE COVERUP FOR SAME. DISCRIMINATION, SEXUAL DISCRIMINATION, SEXUAL HARRASSMENT, RETALIATION DUE TO DEFENDANT DISLIKEING MEN/PRISONERS & INDIANS AND MALE ISSUES, AMONG OTHER DISLIKES AND HATE. FIDUCIARY VIOLATIONS, LACK OF DUE CARE, AMONG OTHER VIOLATIONS

RELIEF   FROM DEFENDANT CHARLENE BRODEL, ET. AL.

(i) INJUNCTIVE RELIEF: THAT THIS DEFENDANT BE ENJOINED AND RESTRAINED FROM/TO: ANY MORE OR FURTHER ABUSE OF OFFICE, DISCRIMINATION, PUNISHMENT OR INDIFFERENCE TO PLAINTIFF OR PLAINTIFF'S CONSTITUTIONAL STATE AND FEDERAL RIGHTS AND THAT OF FREE PEOPLE, SIMILARLY SITUATED INCLUDEING PRISONERS, NOR SET UPS OR CONSPIRACIES FOR FILEING COMPLAINTS, REQUEST OF STAFFS AND GRIEVANCES. FROM COVERING UP FOR VIOLATIONS. TO ANSWER AND HAVE ANSWERED ALL REQUEST AND COMPLAINTS, GRIEVANCES FULLY WITH NO EXCUSSES. START A RECEIPT PROGRAM FOR REQUEST TO STAFFS, COMPLAINTS AND GRIEVANCES AS WELL AS LOGGING IN SAME. PROTECT AND SECURE INMATE ACCOUNTS AS WELL AS, IT'S SAFETY, PROPERTY RIGHTS INCLUDED. FROM RETALITORY TRANS FER FOR FILING THIS ACTION. FROM ANY MORE MONOPOLIZEING, PRICE FIXING, EXCESSIVE PRICE FIXING, OVERCHARGEING, FROM ANY MORE OR FURTHER PRICE GOUCHING AND ANTI-TRUST VIOLATIONS, EXCESSIVE PRICEING. TO START POSTING ON INMATE BULLETEN BOARDS HOW MUCH MONEY IS MADE FROM CLUBS, TRUST FUND, CANTEEN, HOW IT IS SPENT, WHO GETS IT AND WHERE IT GOES. FROM TAKEING ANY MORE OR FURTHER 20% SAVINGS, AND IF 20% IS STILL TAKEN, PLACE IT IN AN INMATE INTEREST BEARING ACCOUNT SO THE PRISONER CAN MAKE THEIR OWN INTEREST FROM THERE OWN MONEY. RETURN TO THE PRISONER THEIR TOTAL INMATE TRUST FUND MONEY FORCEFULLY TAKEN, WITH BACK INTEREST EARNED AND GENERATED FROM SAME. THIS COURT DECLARE THAT THIS TYPE INMATE TAKEING OF 20% OF THEIR MONEY, STOREING IT UP, DOC-JCCC PROFITING FROM IT, IS UNCONSTITUTIONAL LIKE OTHER USC't APPEALS HAS DONE, INCLUDEING S.C.t. US BACK PAY.

(ii) MONETARY DAMAGES AWARDS OF $5,000,000.00 COMPENSATORY, GENERAL, SPECIAL.

(iii) PUNITIVE DAMAGES OF $5,000,000.00

75

20. DEFENDANTS, SGT. BARKER AND SGT. DOOLEY, JOINTLY, JCCC CORRECTIONAL OFFICER.

116. PLAINTIFF INVOKES AND REALLEGES PARAGRAPHS 52 THROUGH 115, IN PART

117. Defendants SGT. BARKER AND SGT. DOOLEY, JOINTLY, IS AND AT ALL TIMES WERE SARGEANTS IN CHARGE OF VISITING, both WHITE /FEMALE SENIOR EXPERIENCED OFFICERS, ON October 2, 2010 defendants worked The VISTING ROOM. PLAINTIFF AND PLAINTIFF'S WIFE began TO BE harassed over The "VISITING CARD". The "VISTING CARD" FOR APPROVED VISITS WAS APPROVED AND OF FILE A LONG TIME AGO DEFENDANTS destroyed PLAINT IFF'S VISIT. Destroyed AND upset Their spirit AND Their morale; which WAS deliberate and intentional IN RETALIATION FOR FILEING complaints, REQUEST OF STAFF'S AND GRIEVANCES. Which IS A CUSTOM, policy And STANDARD PRACTICE AT THIS INSTITUTION. PLAINT IFF'S CASE MGR. MS. SUZIE SALENAS INTERVENED AND CORRECTED The VISITING Card AS of October 28, 2010.

118. ON THIS SAME day And date, These Same two defendants supervised And personally hAndled The "VISITOR PICKUPS" which CONSIST OF PACKED UP, boxed UP OUTGOING MATERIALS. IN THIS CASE And INSTANCE it WAS TWO BOXES PLAINTIFF WAS Sending home TO/ WITH PLAINTIFF WIFE. DEBORAH KORCHEE. The first box CONTAINED 4 books which defendants did give to PLAINTIFF'S WIFE. The second box CONSISTED OF And CONTAINED, large mANello envelope CONSISTED OF Legal WORK, Legal documents TO be Copied by PLAINTIFF'S WIFE TO USE ITS EXHIBITS, REQUEST OF STAFF'S AND Copies OF REQUEST OF STAFF'S And COMPLAINTS THAT JCCC STAFF And PERSONNEL Refused to Answer OR ENTERTAIN. Court PAPERS. IN FORMER PAUPERIS MOTIONS, OCCA MOTIONS FOR EXTENSIONS OF TIME, OCCA EMERGENCY MOTION FOR EXTENSION OF TIME. which WAS NEED TO Show The TRANSACTIONS And TO Show PLAINTIFF'S "diligence" in his Legal endeavors, And to SUBSTANTUATE PLAINT IFF'S CASE IN Federal court And STATE court. The OCCA denied PLAINTIFF his PC APPEAL BECAUSE The IN FORMER PAUPERIS MOTION did not get THERE TIMELY, it WAS A MONTH LATE which WAS The CAUSE OF The Above MENTIONED defendants. The APPEAL got TO The Court ON TIME which PLAINTIFF'S WIFE COPIED And MAILED to The court, which The court Acknowledged IN THEIR RULING. The Federal Court would not INTERVENE BECAUSE OF This And denied HABEAS CORPUS Relief. KORCHEE V. JONES, CIV-10-1128-R; KORCHEE V. STATE, OCCA NO. PC-2010-172.

119. In the said packages contained also correspondance between husband and wife. private letters, very valuable and sentimental Indian Heritage information and material.

120. Defendants gave plaintiff's wife, plaintiff Deborah Kerchee the box with the books in it. However, Defendants Sgt's Barker and Dooley, out of spite, bad faith, vindictiveness, retaliation, discrimination, deliberately and intentionally destroyed and/or discarded, threw away the second package! Destroyed plaintiff's very valuable legal work to copy and Indian Heritage and business materials. the legal materials substantiate his side of events over his cases, appeals, trust fund problems, motions, etc. plaintiff lost his case due to this, among other reasons. Which is permanant damage!

### FIFTY FOURTH CAUSE OF ACTION

The acts, actions and violations of defendants violate plaintiff's well settled and established 1, 8, 14th Constitutional Amendments. Destruction of property and very valuable legal work-court papers. Denial and restriction to access to the courts causing plaintiff's great harm and injury. Due process, equal protection of the laws. Abuse of position, power and authority. Deliberate indifference. Cruel and unusual punishment. Reckless callous disregard for plaintiff's constitutional safeguarded and enforceable rights, civil rights, liveing conditions, conditions of confinement, and prisoners rights. Retaliation, vindictiveness, spite, arbitrary and capricious conduct and abuse.

### FIFTY FIFTH CAUSE OF ACTION

Discrimination, sexual harassment, discrimination. Cover up and conspiracy. conscience violations. Fraud, deception. failure to protect.

RELIEF:   Joint Relief Against Defendants SGT. Barker and SGT. Dooley

(i) INJUNCTIVE RELIEF : Jointly that defendants be enjoined and restrained from/to : Any more of this type of conduct ever again! Prosecuted under state law. Train them. To protect plaintiffs person, packages, legal mail, safeguard same, which includes all others similarly situated.

(ii) MONETARY DAMAGE AWARDS  of $5,000,000.00 Compensatory, General, Special. Jointly

(iii) PUNITIVE DAMAGES  of $5,000,000.00

21. Defendant, LEAH MURRAH, JCCC MAIL ROOM CLERK, AT THE TIME, ET.AL.ETC.

121. Defendant Leah Murrah, a white female, is and at all times was the mail lady clerk whom ran and operated the mail room outgoing and incomeing mail which includes an emphasis placed on legal mail. out going.

122. Dureing the month of January 2009, the Oklahoma court of criminal appeals issued an in forma pauporis order to plaintiff. Jan 13, 2009 — Jan 14 - 2009 plaintiff replied by sending urgent request to staffis to trust fund, LawLibrary forms. Then motions to OCCA for a continuance, the next day, or a couple days later, emergency motions for extensions of time to the OCCA. Korchee v. Jones, OCCA No. PC - 2009 - 107. That plaintiffis appeal was on file with the court but not his IFP!

123. Defendant Murrah, Harris, Guffy, and Parker confiscated both motions! The alternate motion was mailed but did not get to the OCCA until febiruary 2009! Defendants deliberately confiscated but did not mail the two other motions, deliberately and intentionally delayed and holdup the motions to retaliate against plaintiff for fileing complaints, getting legal help from other inmates, fileing request to staffis! Because of same, the OCCA dismissed and refused to hear plaintiffis appeal causeing plaintiff's great harm, injury and sufferage which both plaintiffis continue to suffer from and be deprived of. The federal court dismissed plaintiffis habeas. Korchee v. Jones, CIV - 10-1128-R, suara. Defendants Discarded and destroyed the other two motions as punishment!

## FIFTY SIXTH Cause of Action

The acts, actions and violations of defendants violate plaintiffis well settled and established 1, 8, 14th constitutional amendments. Destruction of property, evidence, and very valuable important legal work and material - papers. Denial and restriction to access to the courts causeing plaintiff's great harm and injury, physical injury. Due process, equal protection of the laws. Abuse of power, position and authority. Deliberate indifference. Cruel and unusual punishment. Reckless callous disregard for plaintiffis constitutional safe guarded and enforce-ible rights, civil rights, prisoners rights, liveing conditions, conditions of confinement. Retaliation, vindictiveness, spite, coverup and conspiracy violations, fraud, deception. Failure to protect, failure to intervene. Forasence violations.

Relief from Defendant Leah Murrah, et.al. etc.

(i) INJUNCTIVE RELIEF: enjoin and restraint this type and kind of conduct permenately from ever happening again to plaintiffis or any one else similarly situated.

(ii) MONETARY DAMAGE AWARDS OF $5,000,000.00 compensatory, general, special

(iii) PUNITIVE DAMAGES OF $5,000,000.00

22. Defendant, JOHN MEADEWS, JCCC mail room clerk, at the time, et.al.etc.

124. Defendant John Meadews is and at all times mentioned here was the mail room clerk in charge of the incoming and outgan mail. Sealing and affixing the mail for safe pickup and delivery, which he deliberately failed and refused to do

125. Meadews is hated by staff and prisoners alike. Ramsacks, confiscates, picks up and destroys inmate property. Hegoes from job to job and defendants Warden Parker and Guffy refuse to intervene and stop this, but cover up and encourage this kind and type of staff-employee behavior, same for defendants Jones and Blovens. DOC Director and Internal affairs.

126. February 2010 through January 2011 defendant worked the mail room. During this time defendant sabotaged plaintiff's mail! As he did other prisoners similarly situated. Stapled plaintiff's envelopes and packages to where the us mail sorting machines tore open and ripped open plaintiff's outgoing deliverable mail. It got so bad that the u s postal Inspector, General Inspector had to contact plaintiff's wife Deborah Kercheef when contacted defendant Warden Parker, whom still refused to intervene. Plaintiff's very valuable Indian heritage materials was ripped apart and lost because of defendant. Correspondance was injured and harrassed between plaintiff's husband and wife. Hampered and injured creating rage, stress, strain anguish.

127. Plaintiff sent confidential request of staff's and complaints to defendants Warden Parker and Guffy, to defendant Meadews as well. Defendants refused to answer or acknowledge them covering up and conspiring with one another.

128. During this time frame, defendant Meadews deliberately and intentionally mixed mailup. Switched inmate mailup by putting one inmates mail inside of another inmates mail AFTER opening the mail, reading it and illegally censoring it, then just sticking it inside whatever and whom-evers envelope he so desired. And defendants Parker and Guffy still refused to intervene and stop it! It got so bad, inmates had to post notices on the inmate bulletin board for inmates to contact them to get their mail! Their letter was inside their envelope, to see if their letter was inside their envelope. This happened to plaintiff numberously! Again, plaintiff complained and defendants deliberately retaliated against plaintiff and would not give his mail, did not mail out some of plaintiff's correspondance mail! Deliberately and intentionally switched their mail with other inmate mail. Some of which had no name on it! Defendants Parker and Guffy encouraged and covered up for defendants actions and violations. Both plaintiff's suffered physical harm, injury and correspondance violations and deprivations for same!

FORTY SEVENTH CAUSE OF ACTION

The Acts, Actions and violations of defendants violate plaintiffs well settled and established 1, 8, 14th Constitutional Amendment rights. Destruction of property and very valuable Indian heritage materials. Due process, equal protection violations. Correspondance violations. Abuse of power, position and authority. Deliberate indifference. Cruel and unusual punishment. Reckless callous disregard for plaintiffs constitutional safeguarded and enforceable rights, civil rights, prisoner rights, living conditions, conditions of confinement. Retaliation, vindictiveness, spite. Coverup and conspiracy violation. Fraud, deception. Failure to protect. Failure to intervene. Feasance violations.

Relief from Defendant John Meadows, et.al. etc.

(i) Injunctive Relief : enjoin and restrain this kind or type of conduct permanately from ever happening again to plaintiff or anyone else similarly situated. Train mail room personnel.

(ii) Monetary Damage Awards of $1,000,000.00 compensatory, general, special

(iii) Punitive Damages of $ 1,000,000.00

23. Defendants, Director DOC Food Service and Kelly Curry JCCC Food service supervisor, et.al. etc. Jointly

129. Defendants, both white females, is and at all times are responsible for the DOC master menu, ordering and implementing the feed for a proper USDA diet. A full nourished/nourished meal.

130 Defendant Kerry will not order enough food to eat, nor enough to cook. They intentionally run out of food cooler empty. No milk on mondays! The milk is watered down. Defendant will not follow the master menu nor will they post a master menu. Defendants will not implement enough fiber for our diet and stooling is most difficult at times. Inmates fall out! No fresh fruit. No pork, bacon, sausage. An extremely watered down meated chicken. Plaintiff goes hungry most of the time as most all others on gang day does. Defendants Parker, Guffy, Curry, Downing and Director will not intervene to cover it up to force plaintiff, and other inmates who get money into buy their supplements from off the canteen but defendants Parker and Bredel supra will not order enough canteen and deliberately run out of canteen items to punish inmates to make them suffer. Now, Defendant Parker and Bredel placed a 5, item limit on honey buns and apple pies to punish plaintiff and others for complaining! Plaintiff suffers, gets headaches, gets hunger pains as other inmates do. Defendants cover up for it. They won't answer requests!

131. Defendant food service Director will not post a DOC master menu to cover up for the violations, hunger, food theft, under ordered food running out of food deliberately, intentionally. Defendants cut the fish. Plaintiffs have not had fish in two years! Beans in place of fish!

FOURTH SEVENTH CAUSE OF ACTION

The Acts, Actions and violations of defendants jointly violate plaintiff's well established and secured 1, 8, 14th Constitutional Amendments. Cruel and unusual punishment. Fraud, deception, deliberate indifference. Due process, equal protection of the Laws. Coverup and conspiracy. Reckless callous disregard for plaintiff's and others constitutional rights. Arbitrary and capricious treatment. Violation of plaintiff's prisoners rights, civil rights, living conditions, conditions of confinement. Failure to protect, failure to intervene, and deliberately and intentionally cutting the food!

_Relief_ from DOC food service Director and JCCC head service Mgr. Kelly Curry, Jointly.

(i) _Injunctive Relief_ : Enjoin Defendants to immediately post the DOC master menu, follow it, order and cook enough food to eat, stop running out of food, follow the U S DA diet and implement fiber, potassium, milk, juice and fresh fruit, fish, proper poultry, keep toceads!

(ii) _Monetary Damages Awards_ of $5,000,000.00 Compensatory, General, Special

(iii) _Punitive Damages_ of $5,000,000.00

24. Defendant, Medical Director, OK. DOC at large, et. al. etc.

132. Defendant DOC medical Director is and at all times are responsible for the overall operations and supervision of the DOC medical departments, staff, employees, the law treatment and special circumstances surrounding medical paroles, medical releases. The training, care and upkeep of DOC medical Dept and the staff and personnel training, to ensure that all inmates are treated in a timely and emergency manner. To protect prisoners as well as staff, to intervene, answer complaints and grievances when the need be.

133. From 2008 to current April 2011 plaintiff submitted complaints and articles to the Director over his medical problems. Defendant Director will not answer them. From Sept. 7, 2009, 2010, 2011 plaintiff submitted request for permission to submit evidence and documentation to be brought up early for parole. Plaintiff is non-violent, over 62 years old, a Viet Nam veteran, civil service, retired. Has a wife, son, home and transportation income, wife has a job. Has done almost all his first ten year sentence. Early consideration, early commutation. Agent orange, PTSD, service connected disability. Was under doctors care and medication upon incarceration, among many other things. See charge.

134. From 2009 to current April 2011. Plaintiff's wrote defendant and asked to be brought up early for parole consideration due to medical purposes, 63 years old, years in prison, agent orange, PTSD, service connected disability. No danger or threat to anyone. A wife, family home, transportation and his own income, and, asked for permission and the opportunity to submit his request with letters and said reports, for examinations for same pursuant

TO OKLAHOMA STATUTE 57 O.S. 331; 57 O.S. 332.7 (3); 57 O.S. 332.17; 57 O.S. 332.18 And defendants Director JONES And medical director refuse to respond to plaintiff's what so ever.

FIFTY NINTH
~~FOURTY EIGHTH~~ CAUSE OF ACTION

The Acts, Actions And violations of defendants violate plaintiff's well settled And established 8,14TH Constitutional Amendment rights. Due process, equal protection of the Laws. Abuse of power, Authority And position. Deliberate Indifference. Cruel And unusual punishment. Discrimination. Retaliation for filing complaints. Reckless, callous disregard for plaintiffs well settled Constitutional state And Federal rights. Conditions of confinement, prisoners rights, Living conditions, civil rights. fraud, deception. Failure to intervene. foiAscence violation Negligence, Gross Negligence, Fiduciary violations. Professional malpractice. Coverup And conspiracy because defendants know of ALL these problems And violations that plaintiffs And others similarly situated Are experienceing And deliberately And intentionally fail And refuse to interveneAnd stop or correct the violations.

Relief from Defendant ~~Okl.~~DOC medical Director, et.al.

(i) INJUNCTIVE RELIEF: to n join And restrain defendant to be trained And train their lower staff And personnel to immediately, ~~there roughly~~ Thoroughly treat plaintiff And inmates alike. To immediately Intervene. Treat ALL prisoners equally, to read, follow, interporet And enforce state And federal laws And statute And NOT be indifferent to them.

(ii) MONETARY DAMAGE Awards of $5,000,000.00 compensatory, General, special

(iii) Punitive DAMAGES of $5,000,000.00

25. Defendants, KATRENA FROCH And Dr. TRAUTT, medical Dept., Jccc nurse And doctor, Jointly.

135. Defendants KATRENA Froch And Doctor Trautt is And at ALL Times were mentioned herein functioned As Katrena Froch, A white Female, The chief nurse And Doctor Trautt, M.D., A white male As The Jccc medical Doctor And supervisor.

136. From 2008 to current April 2011, plaintiff sought Treatment from medical dept. defendants. Defendants, in part, gave him The run Around, would not Treat him or see him And when the defendants did see him they were indifferent to his medical needs And interest. plaintiff still suffers from his medical conditions, ailments And problems As An inmate, NATIVE American Indian, Viet-nam veteran with Agent orange, PTSD, extensive Nerve DAMAGE And facial Nerve damage. Instead of treating plaintiff. Defendants sent plaintiff to the dentist!

137. Defendant Troutt will not give plaintiff me medication that helps him and makes plaintiff suffer, live in continuous pain, horror and tourment. Dr. Smash, psychiatrist will not help him either. Smash is black!

138. Defendants slammed the window in plaintiff's face! (staff).

139. Defendants will not allow emergency heath care! will not see inmates on an emergency bases situations. Order that plaintiff see an institutional case mgr. screening to get emergency healthcare when is not here at times!

140 Defendants deliberately rejected plaintiff over his emergency eye problems and most disrespectfully denied him and turned him away but saw, at the same time, a white inmate, Bob Dostock for his eye, non-emergency!

~~FIFTY FORTY NINTH~~ SIXTYETH CAUSE OF ACTION

The acts, actions, and violations of defendants jointly violate plaintiffs well established and settled constitutional rights ok the 8 and 14ym amendments. Due process, equal protection. Abuse of power, authority and position. Deliberate indifference. Cruel and unusual punishment. Discrimination. Race discrimination. Retaliation for filing complaints. Reckless, callous disregard for plaintiffs well settled and established constitutional rights, state and federal. Conditions of confinement, prisoners rights, living conditions, civil rights. fraud, deception. Failure to intervene, foasceuc-violations. coverup and conspiracy violations failure to intervene to stop or correct the violations and wrongdoing.

Relief  from defendants <u>Katriena Frech and Dr. Troutt,</u> jointly

(i) <u>Injunctive Relief</u>: to enjoin defendants from and restrained from to to! Don't overdo or commit these injustices and abusive acts to anyone ever again. To treat inmates and to give them the proper medication that works for them and helps them. To implement a faster or careful emergency medical treatment system. To be trained in more effective health care management for Indians, Viet Nam vets, persiangulf vet creams, vterrans in general. stop the mismanagement, abuse and indifference. examine prisoner patients more thoroughly.

(ii) <u>MONETARY DAMAGE AWARDS</u> of $5,000,000.00 compensatory, general, special.

(iii) <u>Punitive DAMAGES</u> of $5,000,000.00

E-3

26. Defendant, Department of Veterans Affairs (VA), Medical Dept, Oklahoma City, Ok, Director, Ok.Dir, And Director ok. Medical Dept. services, Jointly.

147. Defendants is And at all Times was The Medical health Care providers for All veterans, inpatient And outpatient, which plaintiff is included, an American Indian Native American which is The veterans (VA) Administration, Medical Dept.

148. From 2008 to Current April 2011, plaintiff has sought medical examinations from defendant VA Medical Dept. Okc. Ok for Agent Orange, PTSD, Extensive Nerve And internal Problems And for Face, headaches, And ear Problems which is service connected from viet nam service. Defendants VA Medical Refuse to Come to The plaintiff's place of incarceration Prison facility or have plaintiff brought To them at Their place of examination, in Okc, Ok or Enidok facility And Defendant Parker And staff Approved same.

149. VA Defendants Gave plaintiff one Year to file And submit his service connected disability claim but will not examine him to substantiate his claims with medical scientific examination evidence supporting his condition And service-connected disease whom of which plaintiff experiences, Among other Things And problems, blood in his Urine And Urinal tract.

144. Defendants Jccc And ok Doc medical staff And Personnel Directors, Frech, Truitt.md, And smash psychologist, Are not qualified, is unqualified, NON-VA Certified to examine plaintiff And Cert. by his Agent orange, PTSD, service-connected injuries And Problems And their indifferent to plaintiff And his medical conditions. Dr. smash, Psychiatrist would not even Listen to plaintiff And sent plaintiff to The dentist! See, plaintiff's first Amended complaint, after The completion of discovery.

### SIXTY-FIRST CAUSE OF ACTION

The Acts, Actions, And violations of defendants violate plaintiff's well settled And established constitutional 1, 8, 14th Amendments. Deliberate Indifference; Cruel And unusual punishment And, This place Reserved for further claims And causes of Action upon And after the completion of discovery for Amendment pleadings.

Relief:

_Injunctive Relief:_

a. Enjoin and order defendants to either come to plaintiff's place of incarceration or bring plaintiff to the VA Hospital, Okc. Ok and examine him for service connected disabilities, Agent Orange, PTSD diseases and certify his disability, award him and his wife back pay.

b. Enjoin the Directors of the (VA) Veteran's Administration and the Directors of Ok.Doc and medical Dept. to implement a system and procedure to examine and treat veterans, service connected veterans, Viet Nam veterans, Persian, Persian, Kuwait, Desert shield, Desert storm veterans and all other veterans similarly situated.

c. Enjoin defendants to have a VA staff counselor or representative to come to plaintiff's, and all other veterans similarly situated place of confinement prison facility and assist them in filling out their VA claim for accuracy and completeness. Then certify for claims and disabilities plaintiff's veterans claim and disability status.

d. Order a stay of proceedings on plaintiff's one year deadline the VA gave him to file and submit his Agent Orange, PTSD, service connected disability claim of the VA Muskogee, Ok. and Okc. Ok. offices and facilities.

27. _Declaratory Relief:_

a. Declare the acts, actions and violations as above stated, by defendants, violate the Constitution. State and federal laws, statutes, and constitutions.

b. Declare the violations of defendants unconstitutional, or too restrictive.

c. Declare Oklahoma Court of Criminal Appeals, _Rule 3:14_ unconstitutional, too restrictive and discriminatory, pre-judicial and in jurdues to "pro se" applicant petitioners.

d. Declare Oklahoma statutes 57 O.S. 331, 57 O.S. 332.7(3) through 332.18 too restrictive, discriminatory followed and applied unequally applied, discriminatory, pre-judicial, not properly, adequately enforced. Misapplied, wrongfully applied.

a. Declare that state statute and opps No-120701 and the marked, and charging of the canteen pricing system violates state and federal monopoly zing, price fixing, excessive and outrageousness, shocking, excessive pricing for prisoners on $7.00 to $10.00 gang pay per month. Is discriminatorily and conspiritatively applied.

F. Declare that the state statute 57a5 549 of forcefully taking 20% of prisoners gang pay, then placing the 20% in a "mandatory inmate savings" account and the state, institutions, facilities, dec at large, victim's funds, and the taking of the profits from the interest; the interest in general and not giving it to the inmate prisoner offender, nor his 20% is strictly violative to the 5th Amendment taking clause, income losses, savings account losses, liberty interest in their money and profits, and mandatory savings, eminent domain and the 14th Amendment pursuant to U.S.Const. Amend 5,14. Cruel and/or unusual punishment, and, pursuant to Schneur v. Doc, 345 F.3d 716(03); Clement v. Doc, 364 F.3d 1148(04) for communications. Interest and interest violations and to give plaintiff, and all other inmate the return of all their mandatory savings accumulated money, with back pay interest and let them put their said account money in their own interest bearing account profits, pursuant to Schneider v. Doc, 345 F.3d 716(03) supra, and; Tellis v. Godinez, 5 F.3d 1314 (93); Webb v. Beckwith, 101 s.ct. 446(80); phillip v. Washington Leg. Foundation, 118 s.ct. 1925 (98); McIntyre v. Bayer, 339 f.3d 1097(02); Gillihan v. Shillinger, 872 f.2d 935 (10th cir 89) And in violation of the 1st and 8m Const. Amendments. U.S.Const. Amend 1, 8, 5, 14. Back pay. 5 USCA 5596, etc. As stated in plaintiff's memorandum & brief in support.

9. Declare that the acts, actions and violations of defendants is strictly violative to the constitutions prisoners rights to correspond with free people, his wife, family and a non-prisoner, a prisoners "wife" has the same equal right to bring action against defendants for those violations and restricting and impeding same pursuant to the US Constitution, Amendments 1, 8, 14 and Procunier v. Martinez, 94 s.ct. 1800 (74).

There fore, AS A direct And proximate result there of, PLAINTIFF'S have suffered harm and injury due to the Acts, Actions And Violations of defendants As listed And Transcribed herein Above.

## Notice to Defendants!

1. As soon hereafter As possible plaintiff's will be filing A Temporary Restraining order And preliminary Injunction pursuant to the F.R. civ. P.

2. Discovery of All things discoverable

3. An Amended complaint As "plaintiff's First Amended complaint" As soon After discovery is obtained As possible

4. A trial on all issues Triable by jury. U.S const. Amend 7, 14th.

5. All costs, fees And expenses As will be owed to plaintiffs by And due to defendants.

Where fore, plaintiff's Jointly demand And pray upon the Honorable court for the Relief As prayed demanded And As Requested per defendant As stated herein Above, A trial by jury on All issues Triable by jury, All costs And expenses Accrued.

Respectfully submitted, plaintiffs:

Melvin R. Kerchee Sr.   Date: April 4, 2011

Melvin R. Kerchee, Sr. # 521197
Jccc, Unit 1
RT. 1, Box 8
Helena, Ok, 73741-966

And  Deborah Sequoiah Kerchee

Deborah Sequoiah - Kerchee (wife of plaintiff Melvin Kerchee)
7593 NW 26th
Mt. Park, Ok. 73566